A plaintiff cannot avail himself of a *capias* issued to save the statute of limitations, although the same was regularly returned, entered on a continuance roll, and the continuances carried down to the time of the issuing of the process on which the defendant was arrested, unless he shews that the process on which the arrest was made is a *continuation* of the process originally issued, as that it is an *alias* or *pluries*, &c. The continuation of the suit must be *proved*, and will not be *presumed*.

Where a plea of *non assumpsit infra sex annos* was put in, instead of a plea of *actio non accrevit infra*, &c. and the plaintiffs replied a new promise, and gave evidence in support of the replication on the trial of the cause, the issue, tho' *informal* was held not to be *immaterial* and that the defect was cured by the verdict.

SOULDEN and others *vs.* VAN RENSSELAER.

THIS was an action of assumpsit, tried at the Madison circuit in March, 1828, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

The declaration was on a note dated 15th February, 1817, for 9600 weight of first quality potash, to be delivered half on the first day of July, and the residue on the first day of October next after the date of the note. The defendant pleaded *non assumpsit* and *non assumpsit infra sex annos.* The plaintiffs replied a new promise within six years before the commencement of the suit. On the trial of the cause, the plaintiffs proved an acknowledgment of indebtedness by the defendant on the 24th March, 1819, the issuing of a *capias* on the 22d March, 1825, tested the 5th March, and returnable on the 2d May thereafter ; and produced a *continuance roll*, the caption of which was of the 2d May, 1825, and on which were entered the above capias, its return, and regular continuances down to the third Monday of February, 1826, of which term the declaration in this cause was capped, and rested. The counsel for the defendant objected to the proof offered by the plaintiffs, because the suing out of a previous capias and the continuation of the same had not been *replied ;* and he objected that sufficient evidence had not been offered to take the case out of the statute, inasmuch as the plaintiff had failed to shew, by the production of the process on which the arrest was made, that such process was a *continuation* of the capias issued in March, 1825. The judge overruled the objections. The defendant then entered on his defence. In the progress of the trial, several other questions arose, which are not noted, as they are not passed upon in the opinion pronounced by this court. The plaintiffs had a verdict, to set aside which a motion was now made and argued,

*J. A. Spencer,* for defendant, insisted that evidence of the suing out of the first capias was inadmissible under the state of the pleadings ; and that if received, the proof of the plain-

tiffs was insufficient to entitle them to recover, as no connec-
tion was shewn between the first process and that on which
the defendant was arrested. For aught that appeared, the
last process, instead of being an *alias* or *pluries capias*, may
have been simply like the first, a *capias*.

*H. C. Van Schaack*, for plaintiffs. Proof of the issuing of
the writ was admissible under the state of the pleadings. (1
Chitty's Pl. 552, 554. 1 H. Black. 631. 2 W. Black. 924·
2 Saund. 123, n. 5. 2 Chitty's Pl. 498, 654. 15 Johns. R.
326, n. b.) The continuances on the roll were perfect; they
are mere matter of form, and may be entered at any time. (3
T. R. 664. 7 id. 618. 5 Cowen, 519. 12 Johns R. 430.
18 id. 512. 1 Dunlap's Pr. 57, 124.) The statute was mis-
pleaded, and the issue growing thereout was immaterial: it
was therefore of no consequence whether there was a new
promise or not. (1 Saund. 33, n. 2. 2 id. 63, c, d. Co-
myn's Dig. Assumpsit, H. 5. 2 Chitty's Pl. 498, n. 1 Sel-
wyn's N. P. 150. 1 Esp. N. P. 294. 3 Burr. 1281.) And the
*defendant is not entitled to a re-pleader.* (2 Saund. 319, a. b.
Tidd's Pr. 830. 6 Johns. R. 5, n. e. Cowp, 510. 1 Str.
397. 2 Chitty's Pl. 694. 6 T. R. 131. 18 Johns. R. 20. 6
Cowen, 225.)

*Spencer*, in reply. The process on which the arrest was
made must be continuance of the suit originally commenced.
(2 Saund. 63, d. 2 Sellon, 62, 343, 4, 5. 3 T. R. 662, 664.
5 Barn. & Ald. 452.) The objection to the plea could be
urged only on demurrer. Instead of doing so, the plaintiffs
went to trial, choosing to consider it as good; and under the
issue joined upon it gave evidence of a new promise. The
plea of *not guilty* in *assumpsit* is bad on demurrer, but is cu-
red by a verdict, (1 Saund. 319 a. n. 6.) The issue here,
though it may have been *informal*, was not *immaterial*. (2
Tidd's Pr. 830.)

*By the Court*, MARCY, J. There is something anomalous
in the pleadings in cases where the demand, after having been
barred by the statute of limitations, or discharge under an
insolvent law, is revived by an acknowledgment or a new

promise. It is the new promise expressed or implied which entitles the plaintiff to recover, and the issue is generally upon that promise ; yet the declaration takes no notice of it. I believe there are no other instances in which the plaintiff can recover when the promise or undertaking on which the recovery rests is not introduced into his declaration. This anomaly was noticed in the case of *Depuy* v. *Swart*, (3 Wendell, 135.)

In this case, the declaration is on a promise to perform a future act ; no cause of action could therefore exist cotemporaneously with the promise. The plea of *non assumpsit infra sex annos* was improper ; it should have been a plea of *actio non accrevit infra*, &c. A demurrer to it would have been sustained, but the plaintiffs preferred to take issue upon what they probably foresaw would be the main question in the cause. As neither the original promise nor the accruing of the action were within six years of the commencement of the suit, the plaintiffs must have expected to recover on a new promise or acknowledgment of the debt within that period. It was the issue formed by the pleadings, and the one in fact tried. It was intended to be the material issue in the cause, and yet we are asked to overlook it, to declare it to have been immaterial, and for that reason to give judgment in favor of the plaintiffs. Although it should be conceded that the plea on demurrer would have been adjudged bad, still that does not test the materiality or immateriality of the issue. The fact to be tried, the renewal of the demand by a new promise, was considered at issue by the parties, and I am therefore disposed to regard the pleadings as having terminated in an *imformal* rather than an *immaterial* issue. There connot, I think, be any reasonable doubt that the defect of the issue in this case is as effectually cured by the verdict as it would be in a case were *not guilty* should be pleaded to a declaration in *assumpsit*. A verdict in the latter case has been held to cure the defect of such an issue. (Cro. Eliz. 470. 1 Saund. 319 a, n. 6.)

The acknowledgment of the debt relied on by the plaintiffs was made on 24th March, 1819, and the capias on which the defendant, was arrested was issued more than six years subse-

quent to that time. To maintain the issue of a promise within six years of the time when the suit was commenced, the plaintiffs proved the issuing of a capias against the defendant on the 22d March, 1825, and its return. An exemplified copy of a continuance roll was then introduced, the caption of which was of the second day of May, 1825, on which the process in the suit was continued down to February, 1826, when the process on which the arrest was made issued. The defendant objected to the sufficiency of this proof, because it was not shewn that the process by which the defendant was arrested and brought into court was the *continuation* of that first issued. It was urged that if the process by which the defendant was brought into court was a simple capias, (and the plaintiff did not shew it was not,) it was the commencement of an original suit, and not the continuation of that commenced in March, 1825.

There is no doubt but that the issuing of process before the statute of limitations attaches, and having it duly returned, may defeat the operation of that statute. This is said to save the statute, because, if at any time afterwards the plaintiff is under the necessity of prosecuting the suit, he may sue out an *alias* writ founded on the first writ or process, and proceed in his action. (2 Sellon's Pr. 343.) It is said by Lord Kenyon in the case of *Smith* v. *Bowen*, (T. R. 662,) " that if an action be commenced, though informally, to prevent the operation of the statute of limitations, it will have that effect *if it be duly continued.*" So Ashurst, J. says in the same case, that " it is absolutely necessary not only that a writ should be sued out, but that it should be regularly continued." " When a writ is sued out to avoid the statute of limitations, it should be regularly entered on a roll and docketed with the sheriff's return and continuances down to the time of declaring. If there be two writs, the plaintiff cannot give them in evidence without shewing the first to be returned; for until that be done the court is not in possession of the cause so as to award an *alias* or *pluries* for bringing the defendant into court." (1 Tidd, 91. 2.) It appears to me that the plaintiffs should have shewn that the process issued corresponded with that awarded on the roll, and was actually a continu-

ance of that first issued in the suit. Sellon says, as above quoted, that process sued out and returned saves the statute, because the suit can be continued by an alias writ founded on the first. A capias, which is neither an *alias* or *pluries*, issued subsequently to another writ, can in no sense be said to be founded on it. If the fact should be made out that they were for the same cause of action, the objection would not, I apprehend, be thereby removed. It is laid down that the same writ must be continued, so that it may appear that the plaintiff is proceeding to bring the defendant into court on the suit originally commenced. (2 Sellon's Pr. 344.) It appears from the case of *Smith* v. *Bowen*, already referred to, that where the first process was a *bill of Middlesex*, and the subsequent an *attachment of privilege*, the latter was held not to be a continuance of the former.

In the case of *Mois* v. *Bruerton*, (1 Ld. Raym. 553,) it was decided that a writ of *clausum fregit* sued out for the purpose of bringing the defendant into court to enable the plaintiff to declare against him in assumpsit, and continued down, will not prevent the statute of limitations from attaching on the assumpsit. The same point was also decided in the case of *Brown* v. *Babbington*, (2 Ld. Raym. 880.) In *Beardmone* v. *Battenbury*, (5 Barn. & Ald. 452,) the court of king's bench decided that irregularity in the first process does not deprive the plaintiff of the advantage he derives from having commenced proceedings before the statute attached; but in that case the process was properly continued, and the writ on which the defendant was brought into court was an *alias testatum capias*. I think all the cases shew that the process subsequent to the first must be founded upon it in order to effect a continuance of the suit.

In *Stanway* v. *Perry*, (2 Bos. & Pul. 157,) a capias was issued before the statute attached, but not served; and after the limitation had expired, a *capias per continuance* was issued, served and returned. It was held that the first writ not being returned, could not be connected with the second to save the statute. Where the second writ is an *alias*, yet the suit is not continued if the first is not returned. (14 East, 491.) The question in litigation between the parties in this

case was whether this suit had been commenced within six years after the new promise. The commencement of *a suit* was proved, but whether it was *this suit* or not depended, in my judgment, on the process on which the defendant was arrested and brought into court. That process is not shewn; it might have been an *alias* or a *pluries*, or a *testatum alias* or *pluries*, and it might have been a simple capias. In the case of *Kingsley* v. *Hayward*, (1 Ld. Raym. 432,) when before the common pleas, it was decided that the court would presume the first writ (being shewn to have been sued out) to have been returned, and also continued, unless the contrary appeared; but the K. B. reversed the decision, not precisely on that point, but because the continuances of the writ were not pleaded, and it was not averred that the suit was undetermined. Although the plaintiffs in the cause before us were not, by the course of the pleadings, called on to state in replication the fact of the commencement of a suit before the statute had attached, yet I think they must prove as much as they would have been required to state had the fact been pleaded. If there had been an issue as to the time of the commencement of the suit, the last process must have been shewn to be connected with the first, or the suit could not be adjudged to have originated with the first. The continuance after the first process is a fact to be proved and not intended. If the defendant was brought into court on a simple capias, the issuing of it was the institution of a new suit, and not the continuation of that commenced on the 22d March, 1825.

In overruling the objection to the proof of the continuance of the suit, I think the judge at the circuit erred. I am therefore for granting a new trial.