NEW-YORK,<br>May, 1830.<br>Davis<br>v.<br>West.

Judgment affirmed.

---

## DAVIS & CENTER *vs.* WEST.

To save the running of the *statute of limitations* by the issuing of process and continuances, the issuing and return of the first process must be shewn, and the process on which the defendant is arrested must be produced, so that it may be connected with the first process by the continuances entered on the record.

The *continuances*, by leave of the court, may be entered at any time.

On the trial of the cause the defendant cannot avail himself of any irregularity in the process or in the return thereof.

THIS was an action of *assumpsit* tried at the Onondaga circuit in February, 1829, before the Hon. DANIEL MOSELY, one of the circuit judges.

The plaintiffs declared on a promissory note, bearing date in November, 1820, payable on demand. The declaration was entitled as of the October term, 1837. The defendant pleaded the general issue, and annexed to his plea a notice that he would insist and rely upon the statute of limitations

as a bar to the plaintiff's action. On the trial the making of the note was admitted, and to avoid the effect of the statute the plaintiffs produced an exemplification of a *capias ad respondendum* in favor of the plaintiffs against the defendants, tested the sixteenth, and returnable the twenty-eighth day of October, 1826, with the return of *non est inventus* endorsed thereon by the sheriff, to whom it was directed. This writ contained an *ac etiam* clause for $200 promises, the names of the attornies were ' Henry & M'Kown,' and it appeared to have been filed in the clerk's office on 19th October, 1826. The counsel for the defendant insisted that this evidence was not sufficient to save the demand from the operation of the statute, because, 1st. It did not appear that the suit was commenced by a *testatum* or *alias* or *pluries* capias; 2d. It was not shewn that there were *continuances* from the first to the effectual process; 3d. The damages claimed in the capias exemplified were $200, and in the declaration $250; 4. " Henry & M'Kown" were the attornies who issued the process exemplified, and the suit was prosecuted by " J. M'Kown" as attorney; 5. The capias exemplified, being filed prior to the day of its return, was irregular, and could not be the foundation of an *alias* or *pluries.* The judge was of opinion that the plaintiffs had not shewn enough to take the case out of the statute, and so charged the jury, who found a verdict for the defendant. The plaintiffs excepted to the decision of the judge, and now moved for a new trial.

*L. H. Palmer,* for plaintiffs.

*J. A. Spencer,* for defendant.

*By the Court,* SAVAGE, Ch. J. The difficulty here is, that it was not shewn that this suit was commenced by the capias issued in October term, 1826. The plaintiff should have shewn that the capias on which the defendant was arrested, was a *testatum* founded on the previous writ, or an *alias* or *pluries.* It does not necessarily follow that this is a *continuation* of the former suit; and that is a fact which the plaintiff is bound to shew.

NEW-YORK,
May, 1830.

Davis
v.
West.

Under the pleadings in this case, the plaintiff was bound to prove the facts which he must have averred in a replication to a plea of the statute. The precedents all state either the issuing of one writ and the declaration upon that writ, or two writs, the first returned not taken with continuances to the writ which was effectual. By the indulgence of the courts the continuances may be entered at any time, but a connection must be shewn between the two writs. 1 *Tidd,* 92. This practice is fully sustained by the case of *Smith* v. *Bower,* 3 *T. R.* 662, where the replication stated the issuing a bill of Middlesex within six years, and continuances to the time when an attachment of privilege was sued out ; but the court said the replication was bad, because the attachment of privilege was not a *continuation* of a former, but the *commencement* of a new suit. All the judges expressed the opinion that the suit must be duly continued, and that it must so appear on the record.

Several authorities have been referred to which shew that the first writ must be returned. In this case the writ was returned ; and though it be conceded that it was returned irregularly, that irregularity could not be taken advantage of in this way ; the question here is, whether a suit was commenced in fact, not whether it was regularly proceeded in ; and if any irregularity existed, probably it would be waived by the defendant's not moving to set aside the proceedings, had any connection been shewn between the writ returned irregularly and that upon which the defendant was brought into court.

Both the necessity of shewing the continuance of the suit commenced by the first process, and the waiver of the irregularity are proved by the case of *Beardman* v. *Rattenbury,* 7 *Com. Law,* 157 ; 5 *Barn. & Ald.* 452. In that case, to take the case out of the statute, the issuing a testatum special capias within six years was shewn, and its return was non est inventus ; and secondly, an alias testatum issued subsequently to the six years ; one term intervened without shewing any writ returnable. The court seemed to concede that it was

irregular to issue a testatum special capias in the first instance, but it was sufficient for the commencement of the suit, and the plaintiff might have amended if an objection had been made, and the continuances might be entered at any time. But certainly there must be some process shewn to the court which may be connected with the first process by continuances to be afterwards entered: All the other objections, to the form of the process, the amount of damages and the change of the attornies, could not avail here. But the want of a writ founded upon the capias of October term, 1826, leaves this case as if no such writ had ever issued.

The judge decided correctly, and a new trial must be denied.