## BANK OF ORANGE COUNTY *vs.* S. & N. HAIGHT.

Where, to a plea to the *statute of limitations* that the defendants *did not prom-ise within six years before the commencement of the suit*, the plaintiffs replied that *they did promise within six years*, and on the trial of the cause proved the suing out of a *capias* before the accruing of the statute, but failed to produce the writ of *testatum capias*, (or an authenticated copy thereof,) whereon the defendants were arrested, a verdict passed for the defendants—such verdict was *approved* by the court, but on a motion for a new trial, and on production of a certified copy of the *testatum capias*, the verdict was set aside on payment of the costs of the trial and of all subsequent proceedings, on the ground that without such relief the plaintiffs would lose their debt.

The court approved the *form of pleading*, adopted in this case, as preferable to replying the suing out of the capias and the continuance thereof, &c.

If however the defendant, instead of pleading as in this case that the cause of action did not accrue *within six years before the commencement of the suit*, had pleaded that it did not accrue *within six years before the exhibiting of the plaintiff's bill*, and the bill or declaration was not in fact filed until more than six years after the accruing of the cause of action, then the plaintiff would have been bound to *reply specially* the suing out of the first process within the six years, and by proper continuances connect it with the process on which the defendant was arrested.

THIS was an action of *assumpsit*, tried at the Orange circuit in September, 1833, before the Hon. CHARLES RUG-GLES, one of the circuit judges.

The suit was brought by the plaintiffs as *endorsees* of a promissory note, made by the defendants, bearing date 15th *April* 1825, payable 90 days after date. The defendants pleaded that the cause of action mentioned in the declaratian did not accrue to the plaintiffs at any time *within six years next before the commencement of the suit ;* to which the plaintiffs replied that the cause of action *did accrue within six years before the commencement of the suit*, concluding to the country. On the trial the making and endorsement of the note was shown, and the attorney for the plaintiffs proved that on the 17th *June*, 1831, he issued and delivered to a deputy of the sheriff of the county of *Orange* a *capias ad respondendum* in this cause, with a *bona fide* intention to commence this suit and to save the statute of limitations, and produced a certified copy of the capias from one of the clerk's offices of this court, by

which it appeared that the capias was tested 14th *May*, 1831, and made returnable on the first Monday of *July* next thereafter, and that a return of *non sunt inventi* was endorsed thereon by the sheriff of Orange. The counsel for the plaintiff then offered to prove by *parol*, that after the return of the *capias*, a *testatum capias* was issued in this suit to the sheriff of *Putnam*, where the defendants then resided, returnable at the *October term*, 1831, of this court, upon which the defendants were arrested. The defendants objected that the contents of the *testatum capias* could not be proved by *parol;* which objection was sustained by the judge, who charged the jury that the plaintiffs had failed to connect the process on which the defendants were arrested with that first issued, and that the *testatum capias* having been issued more than six years after the cause of action accrued, the plaintiffs' demand was barred by the *statute of limitations.* The jury accordingly found a verdict for the defendants, which the plaintiffs now ask to set aside.

*I. R. Van Duzer & S. Stevens,* for the plaintiffs, who, in support of the motion, produced an *exemplification* of the writ of *testatum capias* and a continuance roll.

*C. P. Kirtland,* for the defendants.

*By the Court,* NELSON, J. Under any aspect in which this case can be viewed, the ruling at the trial was correct. There was a defect in the proof. The original or an authenticated copy of the *testatum capias* should have been produced. 7 *Johns. R.* 19. Without proof of the writ upon which the defendants were arrested, and that it was a continuance of the suit commenced by the *capias* issued and returned *non sunt*, the plea of the statute of limitations was a bar to the action. 5 *Cowen*, 526. 6 *id.* 471. 3 *Wendell*, 472. 5 *id.* 63. All these cases establish the law on this point, and show the necessity of the proof.

The form of the pleadings was not presented in either of the cases above referred to, nor can I find any case adjudging that question in this court. The *king's bench* in *England* had jurisdiction in actions of trespass committed in Middlesex, or

other county where it sat. It also had jurisdiction in all personal actions brought by or against its attornies and officers, or against persons in the *actual custody* of the marshal, *by bill.* The court, by a fiction founded upon this latter idea, finally acquired jurisdiction in all personal actions whatever ; for on feigning a complaint of *trespass*, over which it had inherent jurisdiction, the plaintiff was allowed, when the defendant was brought in, to waive the trespass *and exhibit his bill* against him as a prisoner. 1 *Tidd*, 28, 9. 1 *Archb. Pr.* 2, 337. A *bill of Middlesex*, a writ issuing only in the county where the court sat, if returned ineffectual, was followed by a *latitat*, which went into any county in the kingdom, and resembled the common *capias*. By this the defendant was brought into court, and the *bill exhibited*, or in other words declaration filed against him. Now, when a defendant in pleading the statute of limitations averred " that he did not undertake and promise," or " that the cause of action did not accrue within six years before *the exhibiting of the bill*," and such was the fact, the plaintiff could not safely take issue upon the averment ; but was obliged to reply specially the issuing of the writ previous to the time of exhibiting the bill, so as to shew the commencement of the suit within the six years. Hence the necessity of a special replication. A special replication is necessary where the form of the plea states that the plaintiff *did not file his bill within six years*, says Ch. J. Abbot, because the production of a writ of *latitat* within six years would not negative that fact, 5 *Barn. & Ald.* 158; and which clearly would not, if the plaintiff had taken issue upon the time when the bill was exhibted. If in fact the bill was exhibited within the six years, then issue could be safely taken thereon, and sustained by such proof. When the defendant pleads that he did not undertake and promise, or that the cause of action did not accrue within six years *before the commencement of the suit*, issue may be taken thereon, and the fact proved without a special replication setting out the issuing of the writ and continuances, if more than one was sued out before the arrest. *Bendmore* v. *Kalenbury*, 5 *Barn. & Ald.* 452. *Taylor* v. *Gregory*, 2 *Barn. & Adolph.* 257. In the first above case, Chief Justice Abbot says, " Here the

UTICA,
July, 1835.

Bank of Or-
ange County
v.
Haight.

plea states that the action was *not commenced within six years,* which is negatived by the production of the writ; and a general replication was therefore sufficient." Mr. Chitty, *vol. 1, p. 554,* says, where the statute of limitations has been pleaded, either that the defendant did not undertake, or that the cause of action did not accrue within six years *before the exhibiting of the plaintiff's bill,* &c. if the time of issuing the first writ in the action be material, it should be replied specially, &c.; but this does not seem necessary when the plea states "*before the commencement of the suit,* instead of *the exhibiting of the bill;* though he says a special replication is advisable, because it may reduce the proof to be adduced by the plaintiff on the trial." The above distinction seems to be a sound one. When the issue presented is simply whether a suit has been commenced within six years from the promise or accruing cause of action, it is directly sustained by the production of the writ by which the defendant was arrested; and if a previous writ has been issued, and returned *non est,* proving that, and that the one on which the defendant was arrested was in the same suit, the commencement is also explicitly shewn and the issue sustained by the plaintiff. We are more inclined to countenance this mode of pleading, because the continuances, which must all be set forth in due and somewhat tedious form in a special replication, are nothing but form, and may be drawn up by the attorney at any time. They have existence only in fiction. In the other form of plea, a special replication is indispensable, as an issue on the exhibiting of the bill would be fatal to the plaintiff, if in fact the six years had expired before that time. It is necessary, therefore, to set out new matter to avoid the plea, to wit, the previous institution of the suit, which in fact took place before the end of six years. But if the six years had not expired when *the bill was exhibited,* we have already seen that issue may then be taken upon it by the plaintiff, in the same way as it may always be taken, when the plea states " before the commencement of the suit." In *Davis* v. *West,* 5 *Wendell,* 63, the defendant gave notice of the statute, and the objection arose upon the defect of the proof, as the writ upon which the defendant was arrested did not appear to have

been a continuance of the suit commenced by a prior one, that had been issued within the six years. That fact was not shewn. When a special replication is necessary, or is pleaded where it is not, that fact must be stated, and must be supported by the record or continuace roll, where that is relied on. 2 *Barn. & Adolph.* 257. In this case, as the plaintiffs have fallen into an error as to the necessary proof to support the issue upon the statute of limitations, and which it appears existed of record, and without relief the plaintiffs must lose their debt, as the statute would be a complete bar to a new suit, we grant a new trial upon the plaintiffs paying all the costs of the former trial, and of the subsequent proceedings.