By the Court, Bronson, J.
The notion that suits are commenced by bill, except when brought against officers of the court, was always a pure fiction in this state; and if it is still proper to keep it up for any purpose, it is time that it was laid aside in pleading the statute of limitations. Suits against natural persons are now commenced either by capias or by declaration; (2 R. S. 347, § 1;) and they are not well begun for the purpose of saving the statute until the process or declaration has been actually served, or the capias has been issued to the sheriff of the proper county, in good faith, and with the intent to have it served. (Id. 299, § 38.) The pleas do not tender an issue upon a material point. It may well be that the defendant did not promise at any time within six years next before the exhibiting of the bill, although the suit was commenced within five years after the promise. There has been no bill, and never will be. I think the pleas are bad. They certainly are so, unless we construe the words “ exhibiting of the bill,” as equivalent to “ commencement of the suit.” And then the defendant should not have complained of the replications for using the language which he should have used. In either view of the question, the demurrers are not well taken.
■When the process was not served within the six years, and the plaintiff relies on prior process and continuances to save the statute, there, if he makes an issue' on the exhibiting of the bill, *490 he must reply specially, or he will fail on the trial." (Richmond v. Little, 2 Hill, 134.) But where the issue is, as it should be, on the commencement of the suit within six years after the promise, the replication may be as general as the plea, and the whole matter may be given in evidence on the trial. (Bank of Orange County v. Haight, 14 Wend. 83.) The plaintiff is entitled to judgment.
Judgment for the plaintiff.