## GIVENS & Co. v. ROBBINS, PAINTER & Co.

1. The act enabling plaintiffs to commence another action within a year after a reversal of a previous judgment, [Clay's Dig. 328, § 86,] applies to a case, where by the action of the inferior court, the cause was discontinued as to two of the defendants, and thus caused a reversal of the judgment as to the other defendant, although not within the letter of the statute.

Error to the Circuit Court of St. Clair.

DEBT on promissory note, by the defendants in error, against Edward L. Givens, Hugh L. Givens, and William T. Givens. An agreement was entered into between the parties, that any matter which the defendants could jointly or severally plead in bar of the action, should be considered

as pleaded, and the proper replications be considered as filed by the plaintiff.

From a bill of exceptions, it appears that it was in proof, that on the 1st April, 1842, the plaintiff commenced a suit, on the same note, against the same defendants, in the circuit court of Benton county.   That at the April term, 1843, the cause was tried, and the defendants' counsel suggested to the court, that Edward L. Givens and Hugh L. Givens, had since the commencement of the suit applied for the benefit of the bankrupt law, and thereupon moved the court for a continuance of the cause, which was objected to by the plaintiff's counsel, but the cause was continued as to them, and upon the verdict of a jury the court rendered a judgment, against the remaining defendant.   From this judgment a writ of error was prosecuted to this court, by which it was reversed at the January term, 1844, upon the ground that by the proceedings in the court below, the cause was discontinued as to all the parties.   [Givens v. Robbins, Painter & Co. 5 Ala. 676.] The present suit was commenced on the 15th March, 1844.

The defendants under the agreement relied, and insisted upon the statute of limitations of six years, as well as upon the general issue. .

This being all the evidence, the court charged the jury they must find for the plaintiffs.   William T. Givens, by his counsel, moved the court to charge, that they ought not to find against him, upon the evidence, which charge the court refused to give, and the defendants excepted to the charge given and to that refused.   This is the error assigned.

S. F. Rice, for plaintiff in error.
T. A. Walker, contra.

ORMOND, J.—The statute of limitations was a bar to the recovery on this note, unless the statute of this State [Clay's Dig. 328, § 86] prevents the bar from operating.   It is as follows:  "If in any of the said actions specified in any of the preceding sections of this act, judgment be given for the plaintiff, and the same be reversed by writ of error; or if a verdict pass for the plaintiff, and upon matter alledged in arrest of judgment, the judgment be given against the

plaintiff, then the said plaintiff, his or her heirs, executors, or administrators as the case shall require, may commence a new action within one year after such judgment reversed, or given against the plaintiff, and not after."

It is clear that this case does not come within the letter of this act, and the only inquiry is, whether it is within its spirit and intent, though not embraced by it in terms. The 21 James I, is the original of our statute, and doubtless of those of all the States, the section now under consideration being a literal transcript of the fourth section of the English act, omitting the part relating to outlawry; and it has been held, that where the action was brought within six years, and then the plaintiff died before judgment, the six years being then expired, his executor might bring a new action upon the equity of the fourth section. [Mathews v. Philips, 2 Salk. 425; Kinsey v. Hayward, 1 L. Ray, 434.] So where a writ abated by the marriage of an administratrix, it was held that a new suit instituted by herself and her husband, was within the equity of the statute. [Note to Karver v. James, Willis' Rep. 259.]

In the United States an equally liberal view of the statute has been taken. It has been held in Kentucky, that where a party sued by motion within the period, and pending the suit the time expired, after which his motion was dismissed, he might commence another action under the equity of the statute. [Lansdale v. Cox, 7 J. J. M. 394.]

So in North Carolina, it has been considered that a nonsuit was within the intent, though not within the letter. [Skillington v. Allison, 2 Hawks' L. & E. R. 347.] In Phelps and Bell v. Wood, 9 Vermont, 404, it was applied to a discontinuance, without fault of the plaintiff; and in Spear v. Newell, 13 Id. 288, to an involuntary non-suit. To the same effect is Coffin v. Cottle, 16 Pick. 383.]

The plaintiff in error has cited many cases, which establish that where there has been a discontinuance of the cause, occasioned by the omission to continue the process, it will not prevent the bar of the statute, to another suit brought within a year after such suit has been determined. Also cases, where a voluntary non-suit has been held to have the same effect, and other kindred cases, of a failure to obtain a

judgment in the first suit, by the negligence, omission, or mistake of the plaintiff. To this effect are the cases of Joins v. Schooley, 3 Harrrison, 269; Hopkins v. McPherson, 2 Bay, 194; Sherman v. Barnes, 8 Conn. 143; Davis v. West, 5 Wend. 65; Delaplain v. Crowninshield, 3 Mason, 330; and to the same effect others might be added.

The manifest intent of the legislature, in the enactment under consideration, was to prevent the bar from operating, where the plaintiff, having sued in time, has been prevented from collecting his debt, by an error of the court, or by a mistake, which did not impute neglect or laches to him, and it is therefore entirely reasonable to suppose, that the instances put in the statute are by way of example, and that it was not intended to confine the remedy to the precise state of facts there enumerated. Here, the plaintiff has been endeavoring to recover his debt, through the means provided by law for that purpose, and has been prevented from doing so by the error of the court, which rendered his judgment against one of the defendants unavailing, and prevented him from obtaining a judgment against the other two. In our opinion this brings the case fully within the intent and meaning, though it is not within the letter of the statute; and such appears to be the construction put upon similar statutes elsewhere, under like circumstances.

The repose of society certainly requires that stale demands should not be enforced, because after a great lapse of time, it may be difficult, if not impossible, to prove a payment or other discharge where it really exists. But this consideration is entitled to no weight, where the creditor has not slept on his rights, but has for years been actively engaged in enforcing them; and has only been prevented from doing so, by the erroneous action of the court. Having given to this case the fullest consideration, we feel satisfied the judgment must be affirmed.