### GEORGE R. WEATHERSLY et al. *v.* ARTHUR WEATHERSLY.

A new bill in equity, brought within one year after the reversal by this court of a decree rendered in the Chancery Court, upon a bill filed by the complainant for the same cause of action, is within the 14th section of the Act of Limitations of 1822, (Hutch. Code, 827,) which allows one year for bringing a new action after judgment rendered for the plaintiff shall be reversed; or after judgment in the court below shall be arrested, upon verdict rendered for the plaintiff; and it makes no difference in this respect, that the former bill was dismissed in this court because the Chancery Court had no jurisdiction to render the decree, on account of the bill having been dismissed for want of prosecution in that court and improperly reinstated.

APPEAL from the Superior Court of Chancery.    Hon. Charles Scott, chancellor.

*George L. Potter*, for appellants.

*D. C. Glenn*, and *L. V. Dixon*, for appellee.

HANDY, J., delivered the opinion of the court.

In the year 1839, the appellee filed his bill in the Superior Court of Chancery, for the purpose of having a conveyance of certain slaves made by him to George R. Weathersly, in the year 1833, which was absolute on its face, declared a mortgage, and for

an account and settlement of the mortgage debt. Sundry proceedings were had in the suit until the 17th of June, 1846, at which time it was dismissed, by order of the Chancery Court, for want of prosecution. On the 22d of June, 1847, a motion was made on petition filed in the Chancery Court, to reinstate the case; and the motion was granted, and the case reinstated on the docket, on the 9th of August, 1847; and in the further progress of the cause, a final decree was rendered in favor of the complainant. Upon appeal to this court, this decree was reversed, on the ground that the Superior Court of Chancery had not jurisdiction of the cause at the time the decree was rendered, inasmuch as the suit had been dismissed by the Chancery Court, and after the expiration of the time at which the dismissal took place, all jurisdiction over the suit had ceased. Within two months after the judgment of reversal in this court, the present bill was filed, and the appellants filed a demurrer to it, which was overruled; and from that order this appeal is prosecuted.

It is now contended, in behalf of the appellants, that the bill last filed is barred by the Statute of Limitations. And the question is, whether it is embraced in the savings of the 14th section of the Act of 1822, (Hutch. Code, 827,) which allows one year for bringing a new action, after judgment rendered for the plaintiff shall be reversed, or after judgment in the court below shall be arrested, upon verdict rendered for the plaintiff.

Under the rules held by this court, there can be no doubt but that the principle of this statute is applicable to courts of equity, and furnishes a rule for the government of that court in analogous cases; and the only question, then, which can arise in this case is, whether the new suit should have been brought within one year next after the dismissal of the former suit by the Chancery Court, or whether it is embraced in the statute, being brought within one year after the reversal by this court.

Being brought within one year *after the reversal,* it is certainly within the literal terms of the statute. Do the facts of this case take it out of its spirit and intention? We think not. It is true that the decree rendered in behalf of the complainant was declared void, because the jurisdiction of the Chancery Court over the cause

had ceased before the decree was made.    Yet the decree, though void in law, was operative and effectual in form, insomuch that the defendant found it necessary to resort to this court, in order to have it declared a nullity.    It was a valid decree in law, until reversed by this court, and being a decree of a court of competent jurisdiction, it could not have been properly set at nought until it was reversed.    Its validity depended on a doubtful question of jurisdiction; and hence, instead of disregarding it, the defendants saw proper to have its validity settled by this court.    We do not intend to say that the defendants would not have been justified in disregarding it.    But they took the more proper course, in having it reversed according to the forms of the law.

It was in form, a decree in favor of the complainants, which might have been enforced but for the reversal.    There was no necessity for bringing his new bill until the decree in the previous suit had been reversed.    But when the reversal took place, the case was within both the terms and spirit of the statute, and he had the right to file his new bill within one year from that time.

The decree is affirmed, and the cause remanded, and the appellants required to answer within sixty days.