L. R., M. R. & T. Ry. v. Manees.

1.  STATUTE OF LIMITATIONS :   *Avoided by second action after judgment vacated on appeal for want of jurisdiction.*

Although an action is brought in a court having no jurisdiction of the subject matter, it will avoid the bar of the statute of limitations, if commenced within the time limited, and a second action be brought within one year after the judgment rendered·in the first is vacated on appeal to this court.

2.  SAME:   *Same.*

In an action commenced before a justice of the peace for $125, the value of a horse killed by a train, the plaintiff recovered judgment against the defendant both before the justice and in the Circuit Court, to which the cause was taken by appeal.   On appeal to this court the judgment below was vacated, and the action dismissed, on the ground that the justice had no jurisdiction of an ac⁻

L. R., M. R. & T. Ry. v. Manees.

tion for damages to personal property, exceeding in amount the sum of $100. Within a year after the judgment was vacated, but more than a year after the injury complained of, the plaintiff brought a new action for the same cause, in the Circuit Court, and the defendant pleaded the statute of limitations of one year as a bar to the action, under *sec. 5540, Mansf. Digest.* *Held*: That the vacation of the judgment and dismissal of the action in this court, brought the plaintiff within the saving of *sec. 4497, Mansf. Dig.*

APPEAL from *Drew* Circuit Court.

J. M. BRADLEY, Judge.

*G. W. Shinn* for appellant

The suit must be brought within one year.    *Mansf. Dig., sec. 5540.*

A justice has no jurisdiction in cases where the damages exceed $100.    *44 Ark., 100.*

No suit having been instituted *in a court having jurisdiction*, within twelve months the action was barred.    *Wood on Lim., sec. 293; 24 Penn. St., 429; 1 Serg. & R. (Penn.), 236; 23 Ark., 510.*

COCKRILL, C. J.   There was a previous suit between the parties to this record about the same subject matter.   It was instituted before a justice of the peace to recover for damages done to the appellee's horse by one of the appellant's locomotives.   The appellee had a verdict and judgment before the justice and also on appeal to the Circuit Court for $125, the amount claimed in the action.   On appeal to this court the judgment was vacated and the action dismissed upon the ground that the justice could not entertain jurisdiction for an injury to personal property where the amount in controversy was more than $100.   See *L. R., M. R. & T. Ry. v. Manees, 44 Ark., 100.*   Within a year after the judgment was

vacated, but more than a year after the injury complained of was inflicted, the appellee brought this action in the Circuit Court for the same cause. The railroad company pleaded and relied solely upon the statute of one year as a bar to the action. *Mansf. Dig.*, sec. *5540*. After an agreement by the parties as to the facts, the cause was submitted to the court without a jury. Judgment was rendered for the plaintiff, the court declaring as a matter of law "that the non-suit in the Supreme Court saved the plaintiff from the limitation."

*Sec. 4497, Mansf. Dig.*, provides that, "If any action shall be commenced within the times respectively prescribed in this act, and the plaintiff therein suffer a non-suit, or after a verdict for him the judgment be arrested, or after judgment for him the same be reversed on appeal or writ of error, such plaintiff may commence a new action, from time to time, within one year after such non-suit suffered or judgment arrested or reversed.  *  *  * "

This provision comes from the old Revised Statutes, and it is in terms applicable only to actions limited "as prescribed in this act," yet as the chapter of which it was originally a part contained the entire body of the statute law upon the subject of limitations at the time of the revision, it was intended and has always been treated as a general provision regulating the practice in all cases not excepted from its operation. See *Walker v. Peay, 22 Ark., 111*. The limitation upon actions for injury to goods or chattels as regulated by that chapter, was three years (*Mansf. Dig., sec. 4478, par. 3*), but as far as this particular class of actions is concerned, it was changed to one year by the act of February 3, 1875. *Mansf. Dig., sec. 5540*. This alteration of the law does not take it out of the operation of the provision above quoted. The question is, does the plaintiff bring himself within the letter or the spirit of the statute when he shows that his judgment was vacated in this court and his action dismissed because the

trial court had not jurisdiction of the subject matter in the first proceeding instituted to collect his demand?

The case of *Mason v. Howell, 14 Ark., 199*, seems to answer the quession in the negative. There the replication to the statute of limitations, which the plaintiff, according to the old practice, filed to the answer, alleged. that the judgment in the first proceeding was decided by this court to be null and void; and it was held that a demurrer to it was properly sustained, because it is said a void judgment is no judgment, and, therefore, there was nothing to arrest or reverse. The case is briefly reported, and it does not set forth the reason why the judgment relied upon by the plaintiff to bring him within the saving clause of the statute was void. But whatever the reason may have been, to apply the ruling in that case to the facts of this one would violate the spirit of the other decisions of this court construing the statute. A liberal, and not a close or technical, meaning has been given to its terms in the other cases. The words "suffer a non-suit" have not been construed to mean a non-suit as understood at common law merely, as the term has sometimes been construed in similar statutes (*Holmes v. C. & A. Ry. Co., 94 Ill., 439; 2 Greenl. Ev., sec. 432*); but, in this connection, it is made to include a voluntary dismissal by the plaintiff. *State Bank v. Magness, 11 Ark., 343; State Bank v. Fowler, 14 id., 159; Walker v. Peay, 22 id., 103*.

"It is quite apparent," says Judge WALKER for the court, in *State Bank v. Magness, sup.*, "that the intention of the framers of the act was to secure that class of suitors from loss who, from causes incident to the administration of the law, are compelled to abandon their present action, whether by their own act or the act of the court, when either would leave them a cause of action yet undetermined, by giving them a reasonable time in which to renew such action. * * * The remedy was evidently intended to be co-extensive with

*Marginal note:* STATUTE OF LIMITATIONS: Avoided by second action, after judgment vacated on appeal, for want of jurisdiction.

the evil, and will be so held, unless some sensible reason to the contrary can be shown."

This liberal and "equitable construction," as it is there termed, was reaffirmed in the same language in *Walker v. Peay, sup.* The case of *Coffin v. Cottle, 16 Pickering*, is there cited and quoted from, with approval. In that case it was decided that where, on a *scire facias* on a judgment, the judgment was held to be null and void on facts alleged in the plea to the *scire facias*, a second action, commenced within a year, might be maintained upon the ground that such avoidance had the same legal effect under a statute similar to our own, as if the judgment had been rendered on a writ of error, or on arrest of judgment technically.

So, under the similar saving act of *James I, ch. 16*, when a second action was brought within a year after a judgment of outlawry had been declared void on plea, it was held to be within the intent of the statute. *3 Croke (Temp. Car.), 294.*

In Mississippi, a judgment reversed on appeal to the Supreme Court for want of jurisdiction in the trial court, was ruled to be within the literal terms as well as the spirit and intention of a statute like our own; so it was held that the reversal brought the plaintiff within its saving on the institution of a second suit. *Weathersly v. Weathersly, 31 Miss., 662.* See, too, *Woods v. Houghton, 1 Gray, 580; Caldwell v. harding, 1 Low. Dec., 326; Smith v. McNeal, 109 U. S., 426.*

It cannot be said to be the policy of the State to encourge the citizen to take upon himself the task or the hazard of determining the validity of the proceedings of the courts. Simple and expeditious judicial remedies are provided to test their legality. It is not to be presumed that the framers of this remedial law, the only object of which was to relieve meritorious creditors, intended to invite the debtor, who had gone through all the forms of a trial in his cause in a judicial tribunal, and seen the result recorded in the form and with the apparent effect of a

binding judgment or decree, afterwards to take the law into his own hands and wholly disregard the court's proceedings. That, we say, could not have been within the contemplation of the Legislature. It is more in consonance with the spirit of the legislation to presume that it was anticipated that every defendant, against whom an apparently binding judgment had been rendered, would seek to avoid it by the forms of law, as the railroad company did in this case, and that when so avoided, the judgment should be deemed arrested or reversed, within the meaning of the act. To construe the statute differently would not leave the remedy co-extensive with the evil the court has said it was designed to correct.

Affirm.