Spear. J.
It is conceded that the action is barred and that the dismissal of the case by the court below at Special Term was right, and its judgment should be affirmed and the judgment of reversal by the General Term reversed, unless the cause is saved by section 4991, Revised Statutes, which is as follows: “If, in an action commenced, or attempted to be commenced, in due time, a judgment for the plaintiff be reversed, or if the plaintiff fail otherwise than upon the merits, and the time limited for the commencement of such action has, at the date of such reversal *28 or failure, expired, the plaintiff * * * may commence a new action within one year after such date.”
But the contention of counsel for plaintiff in error is that the cause does not come within the provision of the section, for the reason that the circuit court never had jurisdiction of the case, and therefore no action was ever commenced; the whole proceeding in that court being a nullity. They cite, in support of this proposition, the case of Sweet v. Electric Light Company, 97 Tenn., 252, where it is held that: “The commencement of suit in a court having no jurisdiction thereof is not within Code, section 3449 (M. & V.), providing that, if an action is commenced within the term limited by the statute of limitations, and judgment rendered therein against the plaintiff on grounds which do not conclude his right of action, a new action may be commenced within a year thereafter, even if the term of the statute had then expired.” The court also say: “An action commenced in a court not having jurisdiction to entertain it is no action in the sense of the statute. The matter stands the same as if no suit had been brought or attempted to be brought, and the limitation runs from the date of the injury. If the action is brought in a court without jurisdiction, the whole proceeding is void and of no effect.”
It is further contended by counsel that there was not even an attempt to commence an action because, the commencement of an action implying that it must be begun in a court of competent jurisdiction, it follows necessarily that the attempt to commence the action must be brought in a court of the same character. And, besides, the words “attempt to commence an action” in this connection are defined by *29 section 4988, Revised Statutes, as follows: “An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this chapter, when the party diligently endeavors to procure a service; but such attempt must be followed by service within sixty days.”
We are of opinion that the entire position of counsel rests upon a misconception of the import of the term “action.” It lies in assuming that, in order to constitute a proceeding in a court “an action,” the court must be competent to adjudicate the rights of the parties, and render a final judgment determining such rights, and that, therefore, the proceeding instituted and pending in the United States court was something else than an action. Our code abolished the distinctions theretofore existing between actions at law and suits in equity, and the forms of such actions and suits, and provided how actions should be commenced, but it nowhere undertook to define an action. That was left to the common understanding of the profession. In several of the state codes it is given thus: “An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense.” Code California, section 22; Code N. Y., section 2; Code N. C., 126. Bouvier, in his Law Dictionary, page 88, defines an action to be: “The formal demand of one’s right from another person or party made and insisted on in a court of justice.” The same definition is given in substance by Black in his Law Dictionary. Rapalje & Lawrence define it as: “A civil proceeding taken in a court of law to enforce a right.” Abbott in his Law Dictionary, page 21, observes: “A term which is used *30 so often must insensibly acquire some variations of meaning. Thus action, in its broadest sense, includes all the various proceedings ordinarily allowed in courts of justice; more narrowly, and as opposed to prosecution, it includes the modes allowed to individuals for enforcement of civil rights or redress of private wrongs, excluding proceedings instituted by the government for the punishment of offenses; or, as opposed to suit, it means an ordinary proceeding according to the course of courts of law, excluding resort to equity or to remedies of equitable cognizance.” Mr. Waite, in his work on Actions and Defenses, 10, gives this: “A civil action is one prosecuted for the establishment or the recovery of a right, or the prevention .of a wrong, or the redress of an injury. * * * The term ‘action’ includes all the proceedings from its commencement to its termination; and, therefore, the proceeding is called an action until the rendition of the decision, decree or judgment.” Professor Field, in his Lawyers’ Briefs, has this: “In a legal sense an action is a mode of proceeding in court for the enforcement of a private right or the redress or prevention of a private wrong, or the punishment of a public offense.” In the Matter of Hunter, 6 Ohio, 500, it is observed by Wright, J.: “Action may be defined as an abstract legal right in one person to prosecute another in a court of justice; and suit is the actual prosecution of such right in a court of justice.” In no text book, and in no reported case cited to us save Sweet v. Electric Light Company, supra, is there any statement or intimation that the question of the jurisdiction of the court has any potency whatever in determining what is, and what is not, an action, and we are convinced that in Ohio, whatever may be the rule elsewhere, there is *31 no authority for the distinction which counsel seek to draw, and we are equally clear that it rests upon no substantial ground. If right as to this, then the conclusion inevitably follows that the dismissal for want of jurisdiction does not take the case out of the effect of the remedial statute, for the proceeding, Avhatever it may have been, was properly commenced; the defendants appeared, one by general demurrer and the other by answer.
Another vieAv of the statute leads to the sáme result. Whether, within the meaning of section 4991, the suit brought in the United States court amounted to the commencement of an action or not, nevertheless, the plaintiff having shown by its petition that he had a cause of action, and having presented it in the usual Avay to a court of justice, one which, had the parties been residents of different states, Avould have had full jurisdiction to hear and determine their rights, must be held to at least have attempted to commence an action, unless the failure to bring it in a proper court is to be regarded as negligence, laches, or a Avant of good faith. It is claimed by plaintiff in error that the failure should be condemned on that ground, and that the bringing of the suit in the circuit court can have no more force than if the petition had been filed before a justice of the peace, or a mayor, or a police judge. To properly pass upon this it may be well to consider how other courts have treated cases involving kindred questions.
The rule in equity respecting the effect, generally, of the dismissal of an action, has not been in doubt. In Hughes v. United States, 4 Wall., 232, a chancery case, Avhere there had been a bill dismissing a former suit for want of jurisdiction, and for absence of proper parties, and on the ground that the petition *32 was defective, uncertain, and insufficient in the statement of the cause of action, Mr. Justice Field states the rule thus: “It requires no argument to say that judgments like this are no bar to the present suit. In order that the judgment may constitute a bar to another suit, it must be rendered in a proceeding between the same parties, or their privies, and the point in controversy must be the same in both cases, and must be determined on its merits. If the first suit was dismissed for defective pleading, or parties, or a misconception of the form of proceeding, or the want of jurisdiction, or was disposed of on any grounds which do not go to the merits of the action, the judgment rendered will prove no bar to another suit.”He cites: Walden v. Bodley, 14 Pet., 156, and Greenleaf on Ev., sections 529 and 530. See, also, Spear v. Newell, 13 Vt., 293.
The rule is not different at law respecting the rule of res judicata. Nor, as we think, do the authorities justify the conclusion that a mistake as to jurisdiction should work irreparable prejudice. Smith v. McNeal, 109 U. S., 426, involved an application of the same section of the Tennessee statute which is invoked in Sweet v. Electric Light Company, supra. The first suit was brought in the circuit court of the United States for the western district of Tennessee, for the recovery of land, within the seven years prescribed by the statute of limitations of that state. It was dismissed, and the second suit was brought within one year thereafter, but more than seven years after the cause of action arose. The court dismissed the suit on the ground that it had “no jurisdiction of the cause of action in plaintiff’s declaration alleged and set forth.” An additional fact existed which, if pleaded, would have given the court jurisdiction. *33 Mr. Justice Woods, in tlie opinion, says: “The first suit was dismissed because the declaration did not state jurisdictional facts upon Avhich tlie right of the court to entertain the suit Avas brought.” And the court held the party entitled to tlie benefit of the remedial article of the Tennessee code, the first judgment not being “upon any ground concluding their right of action, nor have they been guilty of such negligence or carelessness in the bringing of the first suit as should exclude them from the benefit of the said article.” And in support of the latter proposition the learned Justice cites the following cases: Cole v. The Mayor and Aldermen of Nashville, 5 Cold. (Tenn.), 639; Memphis & Charleston R’d Co. v. Pillow, 9 Heiskell, (Tenn.), 248; Weathersly v. Weathersly, 31 Miss., 662; Woods v. Houghton, 1 Gray, 580; Coffin v. Cottle, 16 Pick., 383; Givens v. Robbins, 11 Ala., 156; Skillington v. Allison, 2 Hawkes (N C.), 347; Lansdale v. Cox, 7 J. J. Marsh. (Ky.), 391; Phelps v. Wood, 9 Vt., 399; Spear v. Newell, 13 Vt., 288; Matthews v. Phillips, 2 Salk., 424; Kinsey v. Heyward, 1 Ld. Raym., 432.
A reference to some of these Avill shed further light on the subject. Woods v. Houghton, 1 Gray, 580, Avas an action of contract brought in the county of Worcester. A previous action to recover on the same note had been brought within the life of the note in another county against the defendant and a trustee, neither of Avhom resided in that county, and Avas dismissed or abated, on motion of the defendant, for want of jurisdiction. This was set up as a bar and it was there argued, as it. is here, that the court having no jurisdiction over it, it was a nullity, but the court held othenvise. The statute provided if, in any action duly commenced within the time allowed *34 therefor, the right shall be abated or the action otherwise defeated for any matter of form, the plaintiff may commence a new7 action, etc. Metcalfe, J., in the opinion, used this language: “The words used in the statutes declaring the cases in wdiich a second action may be maintained after a failure of the first, have always been construed favorably for the plaintiff, and never have been held to have a technical meaning; but as said by Shaw*, C. J., in Coffin v. Cottle, 36 Pick., 386, are meant to declare that ‘where the plaintiff has been defeated by some matter not affecting the merits, some defect or informality wdiich he can remedy or avoid by a new7 process, the statute shall not prevent him from so doing provided he follow7 it promptly by suit wdthin a year.’ ” Allen v. Sawtelle, 7 Gray, 165, wrns an action on a note. A former suit had been dismissed on motion of the defendant for the reason that it had not been seasonably entered on the docket by the clerk. Herrick, J., observes: “It is certain that the plaintiff did not mean to permit his debt to remain for such length of time as would bar him from its recovery, without an attempt to enforce it. He used the diligence required by the law7 when .he instituted his first suit against the defendant.” The second action was sustained. Caldwell v. Harding et al., Admrs., 1 Lowmll’s Decisions (U. S. C. C., district of Mass.), 326, was an action on an insurance policy. Defense, the bar of the statute of limitation of' Massachuetts, wdiich limits actions against administrators to twyo years after giving bond. Reilly that a previous case brought in the United States court for the southern district of New7 York, w7as dismissed otherwise than on the merits and the exception of the Massachusetts statute. The first case was decided for defendants on the sole ground *35 that the court had no jurisdiction of actions against administrators appointed in and under the laws of Massachusetts. In disposing of the case, Lowell, J., remarks: “The Supreme Court of Massachusetts have given to this exception a liberal interpretation in favor of meritorious creditors. The tendency of their decisions is to bring all mistakes which have defeated actions, independently of their merits, within the saving of the statute.” And the second action was maintained. Young v. Davis, 30 Ala., 213; State Bank v. Magness, 6 Eng. (Ark.), 343, and McCormick v. Eliot, 43 Fed. Rep., 469, give effect to a similar spirit in interpretation. That the code generally is to be liberally construed to promote the ends of justice, and that section 4991 is entitled to the same liberal treatment, see Meisse v. McCoy, 17 Ohio St., 225; Treasurer v. Martin, 50 Ohio St., 197, and see also Stahl v. Van Vleck, 53 Ohio St., 136, and Burgoyne v. Moore, 12 O. C. C., 31.
it is not to be understood that the statutes of the several states are identical, either in form or language, with our own. But there is a striking and significant similarity in general effect. The Tennessee Code is not as broad as ours inasmuch as our statute gives remedial effect to an attempt to begin an action, which the statute of our sister state does not; and no statute which has come within our notice is more liberal in terms than ours. In this connection attention may be given to the citation by counsel of section 4988 as having an important bearing upon the question by giving a meaning to the words “attempt to commence an action.” That section is to the effect that an attempt shall be deemed equivalent to a commencement where a party endeavors to procure a service and procures it within sixty days. The *36 pertinency of the objection is not apparent. Section 1987 is to the effect that an action shall be deemed commenced within the meaning of this chapter as to each defendant'at the date of the summons which is served on him, etc., and the succeeding section (the one cited) would seem to liave for its purpose only the helping out of a party who had failed in his first effort to procure service. It does not in terms, and we think not by inference, exclude other appropriate meanings which naturally belong to the words.
Nor will we be understood as intending that the cases heretofore referred to are on all fours with the case at bar. A number are not. Rut we are unable to see why Smith v. McNeal does not cover the case adequately, and the others do clearly show the trend judicial opinion, and that it is in the direction of the conclusion we have announced. -i
It must be conceded that the weight of authority supports the proposition, as a general rule, that a dismissal of a former suit for want of jurisdiction in the court in which it is brought is such a failure as will not constitute a bar to another action; and it seems fairly well established that such a dismissal will leave the plaintiff, by favor of the remedial statute where such exists, to pursue his remedy farther, even though by the general statute of limitations his action would be barred. But to avoid the effect of the general proposition as applied to this case, counsel seek to draw a distinction which, reduced to its last analysis, is that even though a dismissal for want of jurisdiction of the parties, or for defect in bringing the real case before the court where if all the facts were stated, it would have jurisdiction, should be held not to prevent the bringing of an action within statutory time thereafter^ yet that the bringing of *37 such a suit in a court which cannot possibly acquire jurisdiction of the subject matter oí it, as it is urged, is the fact in the case at bar, is equivalent to the filing of the same before a justice of the peace, or mayor, or the police court, and is a nullity. In other words, inexcusable laches and bad faith is shown. This matter of laches and of bad faith is treated in many cases as of prime importance. In Anderson v. Bedford, 4 Cold. (Tenn.), 464, it is held that an action dismissed by the court during trial for champerty on the part of the plaintiff shown by the evidence, is not within the exception, the court, Millikin, J., remarking that “in no case of which we are advised, when the failure of the action is due to default, wrong or laches of the plaintiff, has it been sufficient to authorize the bringing of another suit under the exception of the statute.” But how does the laches or bad faith appear? The proposition is, that a lawyer may make a mistake in the bringing of an action, as to whether the court may acquire jurisdiction of the parties, or in the statement of jurisdictional facts, and for either reason fail, and it will not, under the authorities, preclude his client from another effort; but if he make a mistake respecting the jurisdiction of the court generally, and so fail, his client is without further remedy. The distinction carries the point of technicality to the extreme limit, and is, we think, too fine. It fails to distinguish because of any principle involved. Questions of jurisdiction are often of the very nicest which láwvers have to determine for their clients and courts to decide for litigants. It is not given to all lawyers to know all the law, or all the decisions of courts; indeed instances are not wanting where courts themselves have shown ignorance in both respects. Un *38 usual acumen and prescience is not demanded and we think it clearly unreasonable to compare the mistake in the present case as akin to the bringing of such a case before a justice of the peace or a mayor. To presume the United States court would have jurisdiction in a cause against two defendants, one of whom was a citizen of another state, and to be ignorant of holdings by United States courts to the contrary, (if such decisions have been made), however mistaken, can hardly be treated as importing negligence or bad faith, and it is significant that the defendant company, present plaintiff in error, did not plead want of jurisdiction until the case had been in court over a year, and then by an amended answer. It is matter of common knowledge that corporations, and especially railroad companies, where sued in a state court, are solicitous of procuring removal to a United States court, and it is not unfair to impute to counsel the supposition that, by going in the first instance to the latter court, they wrould shorten the controversy.
It is not reasonable, we think, to conclude that the legislature intended, by the section in question, to favor suitors who had failed in a former suit because of the lack of jurisdiction of the parties, or because a jurisdictional fact, though existent, had not been stated, and deny like favor to suitors who had happened to fail because the court in which their attempt had been made was without jurisdiction of the action on the facts as they actually existed. If such distinction was intended we utterly fail to see any principle on which it could find support. On the other hand it seems quite apparent that the intention was to secure that class of suitors from loss, who, without laches or fault, but from causes incident to the ad *39 ministration of the law, are compelled to abandon a present action without a determination of its merits, and give to such, without distinction,, an opportunity in reasonable time within the statute, to renew such action.
Our conclusion is that the proceeding in the United States court was the commencement of an action within the meaning of section 4991, Revised Statutes, and that the plaintiff, having failed otherwise than on the merits, is entitled to maintain a second action.

Judgment affirmed.

•Shauck, C. J., and Minshall, Williams, Buricet and Davis, JJ., concur.