BIDDLE *v.* MISSOURI PACIFIC RAILROAD COMPANY.

Opinion delivered October 8, 1923.

LIMITATION OF ACTIONS—NONSUIT AND NEW ACTION WITHIN YEAR.— Where plaintiff brought suit in the court of a justice of the peace, and recovered judgment, from which defendant appealed to the circuit court, whereupon plaintiff took a nonsuit and within a year brought a new suit in the circuit court, he was not barred of his action under Crawford & Moses' Digest, § 6969, providing that a plaintiff suffering a nonsuit may commence a new action within one year.

Appeal from Jackson Circuit Court; *Dene H. Coleman,* Judge; reversed.

*Fred M. Pickens,* for appellant.

It was error to dismiss appellant's cause of action. A cause on appeal to the circuit court from a justice court is tried *de novo.* 92 Ark. 425; 131 Ark. 127; § 6518, C. & M. Digest. A nonsuit is not a judgment on the merits, and will not prevent another suit on the same cause of action. 47 Ark. 120; 133 Ark. 570; 131 Ark. 36.

*Thos. B. Pryor* and *Ponder & Gibson,* for appellee.

A judgment having been rendered in favor of appellant in the justice court, and a judgment agreed to by attorneys in the circuit court, appellant could not take a nonsuit and thereafter bring another action. Section 6518, C. & M. Digest, provides for taking an appeal, and that it shall be *heard, tried* and *determined,* and this provision must be complied with.

SMITH, J. Appellant, who was the plaintiff below, filed suit against the railroad company in the court of a justice of the peace on October 6, 1921, for wages due him and for the statutory penalty for failure to pay the same. He recovered judgment, and the railroad company appealed to the circuit court, where an agreed judgment was rendered in plaintiff's favor. On February 21, 1922, a later day in the term, this judgment was vacated, and plaintiff took a nonsuit. On August 21, 1922, appellant brought a new suit in the circuit court on the same cause of action. A motion to dismiss this suit was sustained, and the cause was dismissed, and this appeal is from that judgment.

In support of the action of the court below it is insisted that, the original cause having been brought in the court of a justice of the peace, the new suit should also have been brought there, and that the nonsuit taken in the circuit court gave no right to bring a new suit in that court.

The case of *L. R., M. R. & T. Ry.* v. *Manees,* 49 Ark. 248, appears to be against that view. In that case there had been a previous suit between the parties to that record about the same subject-matter. It was instituted before a justice of the peace to recover damages to a horse, and there was a judgment in the justice court and in the circuit court on appeal in the plaintiff's favor for $125, which judgment was reversed on appeal to the Supreme Court, on the ground that the justice could not entertain jurisdiction of an injury to personal property where the amount in controversy was more than a hun-

dred dollars. Within a year after the judgment was vacated, but more than a year after the injury complained of was inflicted, the plaintiff brought a suit in the circuit court on the same cause of action. The railroad company pleaded and relied solely on the statute of one year as a bar to the action, the statute of limitation on actions of that character being one year at that time.

The court quoted § 4497 of Mansfield's Digest as being decisive of the question raised. That section is now § 6969, C. & M. Digest, and reads as follows: "Sec. 6969. If any action shall be commenced within the time respectively prescribed in this act, and the plaintiff therein suffer a nonsuit, or, after a verdict for him, the judgment be arrested, or, after judgment for him, the same be reversed on appeal or writ of error, such plaintiff may commence a new action within one year after such nonsuit suffered or judgment arrested or reversed * * * ."

The court said the question for decision was whether the plaintiff had brought himself within the letter or the spirit of the statute when he shows that his judgment was vacated in the Supreme Court and his action dismissed because the trial court had no jurisdiction of the subject-matter in the first proceeding instituted to collect his demand. After a review of the authorities, the court said that the words, "suffer a nonsuit," have not been construed to mean a nonsuit as understood at common law merely, but included a voluntary dismissal by the plaintiff. The court then quoted from the opinion in the case of *State Bank* v. *Magness,* 11 Ark. 343, as follows: " 'It is quite apparent,' says Judge WALKER for the court, in *State Bank* v. *Magness, sup.,* 'that the intention of the framers of the act was to secure that class of suitors from loss who, from causes incident to the administration of the law, are compelled to abandon their present action, whether by their own act or the act of the court, when either would leave them a cause of action yet undetermined, by giving them a reasonable

time in which to renew such action. * * * The remedy was evidently intended to be coextensive with the evil, and will be so held, unless some sensible reason to the contrary can be shown.' " And the court held that the prior action, although brought in a court having no jurisdiction of the subject-matter, avoided the bar of the statute of limitations where the second action was brought within the year.

The cause of action here sued on might have been brought in the circuit court originally, and it did in fact reach that court on appeal and was pending there when the nonsuit was taken. The pendency of that suit arrested the running of the statute of limitations until the nonsuit was taken, and by § 6969, C. & M. Digest, quoted above, the right was given to reinstate the suit within a year of the date of the nonsuit. This the plaintiff did, and the court erred in dismissing the complaint, as plaintiff had the statutory right to reinstitute the suit in the court in which the nonsuit had been taken within a year.

The judgment of the court below dismissing plaintiff's complaint will therefore be reversed, and the cause remanded with directions to overrule that motion.