Ferguson *vs.* The New Manchester Manufacturing Company.

ANGUS FERGUSON, plaintiff in error, *vs.* THE NEW MANCHESTER MANUFACTURING COMPANY, defendant in error.

The filing of a declaration in the clerk's office, when service has been perfected as required by law, will be considered as the commencement of the suit, *aliter* where there has been no service.

Practice in the Superior Court. Service. Before Judge BUCHANAN. Douglass Superior Court. October Term, 1873.

For the facts of this case, see the decision.

R. J. TUGGLE; COLLIER, MYNATT & COLLIER, for plaintiff in error.

WILLIAM EZZARD, for defendant.

WARNER, Chief Justice.

The only question in this case is whether the court erred in dismissing the plaintiff's action, on the statement of facts disclosed by the record. It appears therefrom that the plaintiff filed his declaration in the clerk's office against the defendant, but which was not served so as to give the superior court jurisdiction as provided by law, and the case was dismissed for want of jurisdiction. Within six months thereafter the plaintiff renewed his suit, which second suit was dismissed by the court, and the plaintiff excepted. This case comes within the principle decided by this court in *Gray, executor, vs. Hodges,* 50 *Georgia,* 262, and must control it. The filing the declaration in the clerk's office, when service has been perfected as provided by law, will be considered as the commencement of the suit, but the mere filing of the declaration, without more, is not the commencement of a suit without service on a defendant, as provided by law, of whom the court has jurisdiction.

Let the judgment of the Court below be affirmed.