## ATLANTA, KNOXVILLE AND NORTHERN RAILWAY COMPANY v. WILSON, administrator.

1. If the point be raised by special demurrer, the plaintiff, who relies on the privilege of renewal under the Civil Code, § 3786, to escape the bar of the statute, may be required to attach a copy of the petition in the first suit, so that the court may determine, as matter of law, whether it was for the same cause of action as the second, between the same parties, brought before the

original bar had attached, and in a court having jurisdiction of the subject-matter.

2. Civil Code, § 3786, is remedial, and to be liberally construed so as to preserve the right to renew the cause of action set out in a previous suit wherever the same has been disposed of on any ground other than one affecting the merits.

3. A suit brought in a court having jurisdiction of the subject-matter is not void, and, when the petition therein is seasonably served, operates to toll the statute.

4. A suit in such a court is notice of the plaintiff's intent to enforce by judicial proceedings the cause of action therein indicated, and is effective to warn the defendant to preserve its evidence for use therein or in a renewal suit.

5. Where the plaintiff begins an action in a court of this State having jurisdiction of the subject-matter, and, after the bar of the statute has attached, the same is dismissed because of a ruling indicating that the court has no jurisdiction of the person, such action may be renewed within six months in another court of this State, having jurisdiction of the person and the subject-matter.

6. Where there is a plea to the jurisdiction, which is overruled, and a verdict for the plaintiff, which is reversed by the Supreme Court on the ground of error in reference to the question of jurisdiction, the receipt of the remittitur by the clerk of the lower court after its adjournment, or during recess, vacates the verdict and judgment in favor of the plaintiff and re-establishes the control of the trial court over the case.

7. Thereafter, and before the remittitur is entered on the minutes, the plaintiff, in term time or vacation, may dismiss the suit.

8. The petition set out a cause of action in the administratrix under the Tennessee statute ; but the children were improperly named as beneficiaries, and direction is given that their names be stricken as such.

Argued March 8, — Decided March 29, 1904.

Action for damages.    Before Judge Reid.    City court of Atlanta.    June 29, 1903.

Mrs. Wilson as administratrix brought suit, under the Tennessee statute, for the homicide of her husband, which she alleged occurred on December 21, 1898.   Suit was filed in Cobb superior court, September 28, 1899, the petition averring that the company's principal office was there located.   The railway company filed a plea to the jurisdiction, alleging that by charter its residence was in Fulton county, and that the courts of Cobb county had no jurisdiction, the homicide not having occurred there, but in Tennessee.   Thereupon the administratrix immediately instituted another suit for the same cause of action, in the city court of Atlanta, on December 17, 1899.   To this suit the railway company pleaded in abatement the suit pending in Cobb county.   This plea was sustained on June 21, 1901.   The judgment was affirmed

by the Supreme Court, April 2, 1902. It does not appear when the remittitur was filed in the city court of Atlanta, but the judgment of the Supreme Court was made the judgment of the lower court on May 7, 1902. In the meantime the plea to the jurisdiction of Cobb superior court had been overruled, the case there tried on its merits, resulting in a verdict for the plaintiff, and a motion for a new trial made, which on August 8, 1902, was granted by the Supreme Court (116 *Ga.* 189), on the ground that the lower court had committed error in holding, under the evidence offered, that the superior court of Cobb county had jurisdiction to try the case. When the remittitur granting the new trial in Cobb county was received does not appear, but it was there received during the recess of the court; and after it was there filed, but before it was made the judgment of the court, the plaintiff, on September 3, 1902, dismissed the suit in Cobb and brought the present action in the city court of Atlanta on November 5, 1902. The defendant demurred to the petition, on the grounds, (1) that the cause of action was barred by the statute of limitations; (2) because there is no law for pleading two former suits which have been nonsuited, dismissed or discontinued, as the basis of a renewal suit; (3) because the former suit in the city court of Atlanta was not nonsuited, dismissed, or discontinued within the meaning of the statute, but was finally adjudicated on a plea constituting a good defense thereto; (4) because this suit was disposed of more than six months prior to the filing of the present suit; (5) that it having been adjudicated that the superior court of Cobb county was without jurisdiction, the suit there filed was not such a former suit as would prevent the statute from running. There were also special demurrers, because the heirs at law of the decedent were set out, and because no cause of action was set out in the plaintiff as administratrix, such right having been alone in the widow. The court overruled the demurrer, and the defendant excepted.

*Smith, Hammond & Smith,* for plaintiff in error, cited 46 *Ga.* 126; 56 *Ga.* 185; 50 *Ga.* 262; 60 *Ga.* 44; 71 *Ga.* 214; 68 *Ga.* 446; 110 *Ga.* 226; 95 *Ga.* 217; 111 *Ga.* 875; 112 *Ga.* 152; 115 *Ga.* 689, 833; 100 *Ga.* 219; 92 *Ga.* 244, 669; 66 *Ga.* 482; 93 *Ga.* 483; 113 *Ga.* 930; 106 *Ga.* 270; 56 *Ga.* 605; 3 Coke, 275; 8 Cranch, 84; 1 Lord Raymond, 432; 80 *Ga.* 736; 1 *Ga.*

32; 13 Wall. 679; 88 Tenn. 128; 91 Tenn. 458; 94 Tenn. 388; 82 N. W. 469; 70 Mich. 581; 39 Minn. 115.

*Hoke Smith* & *H. C. Peeples* and *Clay* & *Blair*, contra, cited 115 *Ga.* 171; 116 *Ga*; 189; Civil Code, § 3786; 13 *Ga.* 306; 27 *Ga.* 372; 32 *Ga.* 435; 60 *Ga.* 628–631; 48 *Ga.* 362; 80 *Ga.* 295; 53 *Ga.* 128; 113 *Ga.* 929; 9 Lea, 841; 12 S. W. 428.

LAMAR, J.    Where, to prevent the bar of the statute of limitations, the plaintiff relies on the privilege of renewal within six months, conferred by the Civil Code, § 3786, a copy of the record in the first suit should be attached, so that the court may determine, as a matter of law, whether the two suits were for the same cause of action and between the same parties.    The court should have before it the petition rather than the conclusions of the pleader thereon, for the further reason that it should be in position to determine whether the first suit was itself brought within the statute, and in a court having jurisdiction of the subject-matter.    But here there was no special demurrer for failure to attach such exhibit.    Enough appears to permit the determination of the question as to whether the present suit was saved by the renewal statute.    Compare Gibbs *v.* Crane, 180 Ill. 191.    The plaintiff, being in doubt as to which court had jurisdiction, instituted separate suits for the same cause of action, in Cobb and Fulton counties.    If either or both were effective to prevent the running of the statute and to permit the renewal under the Civil Code, § 3786, there is nothing in our law calling upon her to elect on which she would rely as the foundation for the right.    The railroad company insists that it was ruled in *Wilson* v. *A., K.* & *N. R. Co.*, 116 *Ga.* 189, that the superior court of Cobb county had no jurisdiction.    It contends, therefore, that the suit was void, did not arrest the running of the statute of limitations, and can not be used as a basis for a renewal within six months under the Civil Code, § 3786.    It relies upon *Williamson* v. *Wardlaw*, 46 *Ga.* 126; *Ferguson* v. *New M. Co.*, 51 *Ga.* 609; *McLendon* v. *Hernando Co.*, 100 *Ga.* 219, that suits void for want of service, — *Hamilton* v. *Phenix Co.*, 111 *Ga.* 875; *Hill* v. *State*, 115 *Ga.* 833, that a void application for a certiorari, — *Edwards* v. *Ross*, 58 *Ga.* 149, that a void attachment, — *Moss* v. *Keesler*, 60 *Ga.* 44, that a suit in another State, or in the United States court, can not be relied on to prevent the running of the statute, nor to pre-

serve the privilege of renewal.   It relies particularly upon *Gray* v. *Hodge*, 50 *Ga.* 262, and *Moss* v. *Keesler*, 60 *Ga.* 44, where it was held that "a suit in a court having no jurisdiction is no suit at all, but a mere nullity," and can not be the foundation. for the right of renewal.   On the other hand, the defendant in error seeks to differentiate these cases, drawing the. distinction between "void" and. "voidable" suits ; insisting that what was said in *Moss* v. *Keesler* as to jurisdiction was obiter, and that the case ˜was rightly decided on the ground that a suit brought in the United States court is not within the provisions of the Civil Code, § 3786. She also insists that *Gray* v. *Hodge* was rightly decided on grounds other than that relating to jurisdiction, as the renewal statute could not be used to save a case barred by the limitation act of 1869; that the court had no jurisdiction of the *subject-matter*, under the constitution of 1868, the consideration of the debt being a slave ; that the judgment of dismissal of the first. suit on the ground that the court had no jurisdiction was conclusive that the same court for the same debt had no jurisdiction in the second ; and that what was written as to ,a void ˙suit was obiter.   She also relies on *Rountree* v. *Key*, 71 *Ga.* 214, where the petition alleged that the courts of Telfair county had jurisdiction, and the defendant filed a plea that he resided in Macon county. Acquiescing in the correctness of this plea, the plaintiff failed to prosecute his action ; and the suit was dismissed after the bar had attached, but within six months it was renewed in Macon county, where the defendant then resided ; and this court held that though the dismissal had not been by the plaintiff, it might be renewed in Macon county, saying "that this court has gone to great lengths in permitting the renewal of suits within six months, so as not to be barred, if the original suit was not barred, so as to extend the provisions to almost any case where the suit was dismissed not on its merits."

It is not necessary to re-examine these cases, nor to determine whether there is any real conflict, and, if so, which line of authorities is to be followed.   .For here it is evident that the suit in Cobb county can not be treated as void.   It was sufficiently valid to be used as a means of abating the later suit brought in the city court of Atlanta.   And if enough of a former suit to sustain a plea in abatement, it was enough of a suit to prevent the running of·

the statute, and to form a stock upon which the renewal suit might be grafted. When this court decided that the plea in abatement, because of the pendency of the former suit in Cobb county, was well founded in point of law and fact, it was necessarily adjudicated, in view of the Civil Code, § 5094, that "the first action was not so defective that a recovery thereunder could not possibly be had." It was not absolutely void; the court had jurisdiction of the subject-matter. In fact, in passing on the plea in abatement, it was distinctly recognized that the suit in Cobb county was far from being a nullity; for it was expressly said that "the defendant has surely been called upon to do something in the way of defending against the original action. If it had ignored that action, it would not, after a judgment therein, have been heard to say that the same was 'ineffectual.'" *A., K. & N. Ry. Co.* v. *Wilson,* 115 *Ga.* 183. In selecting Cobb county as the venue in which her action was to be tried the plaintiff made a mistake, but was not guilty of such laches as to warrant the defendant in insisting that nothing had been done to interrupt the running of the statute. Section 3786 of the Civil Code was intended to afford relief from such mistakes, accidents, and errors. If the plaintiff had brought her suit properly, there would have been no occasion to discontinue. When the reason for discontinuance appeared, or was determined by the court, the statute allowed a renewal for the very purpose of avoiding the result of the error. The mistake can not, then, be relied on to prevent the right to renew. Unless the case is an absolute nullity, the defective or improper suit may be used to nurse the cause of action into full life in the proper form and forum. The acts of 1847 and 1856 (Civil Code, § 3786) are remedial. The decisions of this court to that effect, in *Gordon* v. *McCalla,* 73 *Ga.* 669, *Cox* v. *Berry,* 13 *Ga.* 306, and *Rountree* v. *Key,* 71 *Ga.* 214, are in accord with the decisions of courts in other States under similar statutes. In Coffin *v.* Cottle, 16 Pick. 385, Chief Justice Shaw said: "This is a remedial statute, . . and should have such construction as will best carry into effect the intent of the legislature. This statute is founded on the presumption that if a creditor had permitted his debt to remain a certain length of time without any attempt to enforce it, or to revive and perpetuate the evidence of it, it is paid or otherwise discharged. . . But this presumption does not arise if the cred-

itor resorts to legal diligence to recover his debt within the time limited; and the proviso follows this obvious consideration, and declares that where the plaintiff has been defeated by some matter not affecting the merits, some defect or informality which he can remedy or avoid by new process, the statute shall not prevent him from doing so, provided he follows it promptly, by a suit within a year."

In Smith *v.* McNeal, 109 U. S. 430, in discussing what would be such laches the court said: "Cases might be supposed, perhaps, where the want of jurisdiction in the court was so clear that the bringing of a suit therein would show such gross negligence and indifference as to cut the party off from the benefit of the saving statute; as if an action in ejectment should be brought in a court of admiralty, or a bill in equity should be filed before a justice of the peace." In Little Rock *v.* Manees, 49 Ark. 248, 4 Am. St. R. 45, it appeared that a suit was brought in a justice's court for injury to personal property, the damages being laid at $125. On appeal the judgment was reversed on the ground that in that particular class of cases a justice's court had no jurisdiction where the amount in controversy was more than $100, but the court said that the renewal act "was intended to secure that class of suitors from loss, who, from causes incident to the administration of the law, are compelled to abandon their present action, whether by their own act or the act of the court, when either would leave them a cause of action yet undetermined, by giving them a reasonable time within which to renew. . . The remedy was evidently intended to be coextensive with the evil." The plaintiff was therefore allowed to maintain its renewed suit. In Weathersby *v.* Weathersby, 31 Miss. 662, a judgment was reversed in the Supreme Court for want of jurisdiction in the trial court, but the plaintiff was allowed to maintain the renewal suit. To the same effect is Wood *v.* Houghton, 1 Gray, 580. In *Cox* v. *E. T., V. & G. R. Co.*, 68 *Ga.* 446, and *Constitution Pub. Co.* v. *DeLaughter*, 95 *Ga.* 18, it was held that a suit begun in the United States court in Georgia could not be used as a basis of a renewal in a State court. In other jurisdictions, on cogent reasoning, the opposite view is taken. Yet their rulings are of value in so far as they discuss the effect of a want of jurisdiction in the United States court, when the suit therein is relied on to support the new

action. In Pittsburg R. Co. v. Bemis, 64 Ohio St. 26, it appeared that Bemis brought suit against the Pittsburg Railroad Company and the Wagner Palace Car Company, in the United States circuit court, for false imprisonment. The Wagner Company demurred, and was dismissed. Later and after the bar the plaintiff's case against the remaining defendant was dismissed for want of jurisdiction. He renewed in the superior court of Cincinnati, and the court held that the first proceeding was the commencement of an action; that he failed otherwise than upon the merits, and was entitled to commence a new action within one year, saying that "in no text-book, and in no reported case cited, save Sweet v. Electric Light Co. 97 Tenn. 252, is there any statement or intimation that the question of the jurisdiction of the court has any potency whatever in determining what is and what is not an action. . . It must be conceded that the weight of authority supports the proposition, as a general rule, that a dismissal of a former suit for want of jurisdiction in the court in which it was brought is such a failure as will not constitute a bar to another action. . . Questions of jurisdiction are often of the very nicest which lawyers have to determine for their clients, and courts to decide for litigants. . . It is clearly unreasonable to compare the mistake in the present case as akin to the bringing of such a case before a justice of the peace or a mayor. . . It is quite apparent that the intention was to secure that class of suitors from loss, who, without laches or fault, but from causes incident to the administration of the law, are compelled to abandon a present action without a determination of its merits, and give to such without distinction an opportunity in reasonable time within the statute to renew such action."

Justice Gray in McCormick v. Elliott, 43 Fed. 472, said that "a plaintiff may bring a new action . . even if the first action is dismissed for want of jurisdiction of the court in which it was brought. And it has been so held by Mr. Justice Clifford and Judge Lowell in Caldwell v. Harding, 1 Low. 326." He therefore ruled that where a suit was brought in the superior court of Massachusetts, and, after the bar of the statute, was reversed, it might be renewed in the United States circuit court within a year. The decision in A., K. & N. Ry. Co. v. Wilson, 116 Ga. 189, set aside the verdict because of the erroneous charge of the

court on the subject of the legal residence of the company. As the question of jurisdiction depended upon questions of fact, the effect of the ruling was not to dismiss the case, but to leave it still pending in Cobb county. But upon the return of the mandate the verdict and judgment in favor of the plaintiff ceased to be longer of force. Good practice requires that the remittitur should be entered upon the minutes of the trial court, but such entry is not necessary to restore its jurisdiction and control over the case. As soon as the remittitur is received by the clerk the case should again be docketed. The reversal vacates the judgment below, and after the remittitur has been so received the plaintiff, in term time or vacation, may dismiss her suit. Compare *Knox* v. *State*, 113 *Ga.* 929; *Wiggins* v. *Tyson*, 112 *Ga.* 745; *Lyon* v. *Lyon*, 103 *Ga.* 747; Folmar *v.* Folmar, 70 Ala. 136 (2); Dryden *v.* Wyllis, 53 Iowa, 391; Cox *v.* Pruitt, 25 Ind. 90. The petition set out a cause of action. The suit under the Tennessee statute was maintainable by the administratrix, and the general demurrer was properly overruled. In *A., K. & N. Ry. Co.* v. *Smith*, 119 *Ga.* 667, it was held, that, there being a widow, it was improper to set out the names of the children as beneficiaries; and direction is given that this ground of the special demurrer be sustained, and that the names of the children be stricken.

*Judgment affirmed, with direction. All the Justices concur.*