CUTLIFFE *et al. v.* PRYSE.

No. 12379. November 16, 1938.

*Leonard Farkas* and *Walter H. Burt,* for plaintiffs in error.
*J. N. Peacock Jr.,* contra.

ATKINSON, Presiding Justice. 1. "If a plaintiff shall be non-suited, or shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case; but this privilege of dismissal and renewal shall be exercised only once under this section." Code, § 3-808. This does not apply to void suits. *Williamson* v. *Wardlaw,* 46 *Ga.* 126; *Edwards* v. *Ross,* 58 *Ga.* 147 (3); *Hamilton* v. *Phenix Insurance Co.,* 111 *Ga.* 875 (36 S. E. 960); *Hill* v. *State,* 115 *Ga.* 833 (42 S. E. 286); *Taylor* v. *State,* 160 *Ga.* 331 (127 S. E. 652). It will apply to suits that

are voidable—not wholly void. *Atlanta, Knoxville & Northern Railway Co.* v. *Wilson,* 119 *Ga.* 781 (47 S. E. 366) ; *Lamb* v. *Howard,* 150 *Ga.* 12 (102 S. E. 436). The first-mentioned class (suits that are void) includes suits where the petition has been filed but not served upon the defendant. *Branch* v. *Mechanics Bank,* 50 *Ga.* 413; *Ferguson* v. *New Manchester Manufacturing Co.,* 51 *Ga.* 609; *McClendon* v. *Hernando Phosphate Co.,* 100 *Ga.* 219 (28 S. E. 152) ; *Florida Central & Peninsular Railroad Co.* v. *Ragan,* 104 *Ga.* 353 (30 S. E. 745) ; *Nicholas* v. *British America Assurance Co.,* 109 *Ga.* 621 (34 S. E. 1004) ; *Cox* v. *Strickland,* 120 *Ga.* 104 (47 S. E. 912, 1 Ann. Cas. 870) ; *Stallings* v. *Stallings,* 127 *Ga.* 464 (56 S. E. 469, 9 L. R. A. (N. S.) 593) ; *First National Bank of Charleston* v. *Dukes,* 138 *Ga.* 66 (74 S. E. 789) ; *McFarland* v. *McFarland,* 151 *Ga.* 9 (2) (105 S. E. 596) ; *Simmerson* v. *Herringdine,* 166 *Ga.* 143 (142 S. E. 687). The foregoing decisions do not rule that want of service will void the action where service has been waived by defendant.

2. "Appearance and pleading shall be a waiver of all irregularities of the process, or of the absence of process, and the service thereof." Code, § 81-209. If the petition has been filed and service has been waived by defendant, such waiver as between the parties is the equivalent of service, and the suit under the second class mentioned in the preceding note will not be void.

3. Want of service and non-residence of the defendant are both jurisdictional, but are distinct. *Perry* v. *Tumlin,* 161 *Ga.* 392, 399 (131 S. E. 70). In *Stallings* v. *Stallings,* supra, the defendant moved to dismiss the case because no proper and legal service had been made upon him. He also demurred to the petition, filed a plea to the jurisdiction on the ground that he was not a resident of the county, and made answer. It was said in the opinion : "The appearance in this case did not waive service or jurisdiction. If so, a defendant could never raise these questions, for if he appeared to do so, he would waive his objection by making it. Appearance and pleading to the merits will waive service, if no objection is made to the want of service. But it does not have that effect where before or at the same time want of service is pleaded. Under our system of practice, both pleas may be filed together without destroying each other. *Western & Atlantic R. Co.* v. *Pitts,* 79 *Ga.* 532 [4 S. E. 921]." Applying the foregoing principle, though on

account of difference in facts a different result will be reached, if there be irregular or insufficient service or no service at all, but the defendant, not objecting to the service or want of service, files a plea to the jurisdiction on the ground of his non-residence in the county, the object of service (opportunity to be heard) becomes accomplished of record in the case. The filing of such plea without objecting to the service or want of service is waiver of service. See generally, on this subject, 6 C. J. S. 65, § 22, note 41, citing Brannin v. Clements, (La. App.) 142 So. 621; Godchaux v. Texas &c. Ry. Co., 151 La. 955 (92 So. 398).

4. If after such waiver the plaintiff dismisses his action in the superior court of Baker County, and within six months from the dismissal institutes suit against the defendant on the same cause of action in Dougherty County, admitted in the plea to the jurisdiction to be the county of the defendant's residence, the provisions of the Code, § 3-808, will apply, and the latter action will not be barred by the statute of limitations. *Atlanta, Knoxville & Northern Railway Co.* v. *Wilson,* supra; *Lamb* v. *Howard,* supra; *Rountree* v. *Key,* 71 *Ga.* 214; *Clark* v. *Newsome,* 180 *Ga.* 97 (178 S. E. 386).

5. The foregoing rulings sufficiently deal with the controlling questions in the case, and it is unnecessary to deal more specifically with all the contentions stated in the briefs filed in this court. The Court of Appeals did not err in reversing the judgment sustaining the general demurrer and dismissing the action on the ground that it was barred by the statute of limitations.

*Judgment affirmed. All the Justices concur.*