38901. UNITED STATES CASUALTY COMPANY v. AMERICAN OIL COMPANY.

Decided June 30, 1961—Rehearing denied July 26, 1961.

*Theodore G. Frankel, Nall, Miller, Cadenhead & Dennis, Robert E. Hicks,* for plaintiff in error.

*John L. Moore, Jr., Alston, Sibley, Miller, Spann & Shackelford,* contra.

BELL, Judge. The sole question presented in this case is whether the plaintiff here has the right to renew his action within six months after dismissal, under *Code* § 3-808, where the action previously brought against the debtor and the surety is still pending in another county as to the debtor, but was voluntarily dismissed as to the surety and recommenced within six months, and where the costs accrued in the first action have not been paid. The defendant adds to this question that the first action was never validly pending as to the surety for want of jurisdiction, but we do not agree that this is so.

■ *Code* § 3-808 provides that if a plaintiff shall be nonsuited, or shall discontinue or dismiss his case, and shall recommence within six months, the renewed case shall stand upon the same footing as to limitation with the original one. The term "case" under this statute has not been clearly defined. In *Phillips v. Central of Ga. Ry. Co.,* 20 Ga. App. 668 (93 SE 309), this

court, at p. 671, discusses it in terms of "cause of action." This statute, being remedial in nature, is to be liberally construed so as to preserve the right to renew the cause of action set out in the previous suit wherever the same has been disposed of on any ground other than one affecting the merits. *Atlanta, K. & N. Ry. Co. v. Wilson,* 119 Ga. 781 (2), 785 (47 SE 366).

It is obvious here that the Superior Court of Bleckley County had jurisdiction of the subject matter as alleged in the petition filed in that county as well as jurisdiction over the person of both parties defendant. Thus the petition as to its jurisdictional subject matter and service of process was not void. The case is still pending against the principal's subcontractor in the Superior Court of Bleckley County but was dismissed there as to the surety and recommenced in Fulton County.

The cases cited by the defendant as authority for sustaining the plea of the statute of limitation, particularly *Gray v. Hodge,* 50 Ga. 262; *Ferguson v. New Manchester Mfg. Co.,* 51 Ga. 609, and other like cases, dealt with previous actions brought and dismissed for want of jurisdiction. Here, after the defendant surety had filed a plea to the jurisdiction to the cause in the Bleckley Superior Court, the plaintiff voluntarily dismissed his action as to the present defendant, although it appears the action could have been maintained in that county under *Code* § 3-204.

The case of *Atlanta, K. & N. Ry. Co. v. Wilson,* 119 Ga. 781, supra, supports the maintenance of the present action brought in Fulton County. There, as here, the question was whether the privilege of renewal within six months applied to the subsequent action brought. The Supreme Court held that where the plaintiff begins an action in a court of this State having jurisdiction over the subject-matter, and after the bar of the statute of limitation has attached, the action is dismissed because the court has no jurisdiction of the person, the action may be renewed within six months in another court of this State having jurisdiction of both the person and the subject-matter. Ibid., p. 786. In the present case, under *Code* § 3-204, it appears that the defendant could have been made a party to the prior action, while in the *Wilson* case it appears the defendant could not

have been made a party because of a complete lack of jurisdiction in the forum.

Furthermore, in the cases of *Pryse v. Cutliffe*, 57 Ga. App. 548 (195 SE 913), and *Cutliffe v. Pryse*, 187 Ga. 51 (200 SE 124), the plaintiff had filed a suit for damages against two parties in the Superior Court of Baker County, to which action the sheriff made a return of non est inventus. It was subsequently discovered that one of the defendants resided in Dougherty County, who was served with a copy of the suit; she appeared and filed a plea to the jurisdiction; no service of any kind was had on the other defendant. The plaintiff thereupon dismissed his petition and filed practically the same suit against the same defendants in the City Court of Albany. The question there was whether or not the recommencement of the action fell under *Code* § 3-808. Under these circumstances this court held that the trial court erred in holding that the second suit was barred by the statute of limitation inasmuch as the defective service was waived as of the time the first suit was dismissed. In that case there was no jurisdiction over either of the defendants in the first action filed and dismissed by the plaintiff.

In the discussion of the *Cutliffe* case, the Supreme Court analyzed the essential cases cited by the opposing counsel in the present case. The cases cited by the defendant are distinguished by the Supreme Court from the *Wilson* and *Cutliffe* cases in that the former, such as *Branch v. Mechanics Bank*, 50 Ga. 413, are classed as suits which are void because the petition had been filed but not served upon the defendant. The *Cutliffe* and *Wilson* cases were classed as suits which are voidable—not wholly void. The Supreme Court held that *Code* § 3-808, giving the privilege of renewal after dismissal, does not apply to void suits but will apply to voidable suits. *Cutliffe v. Pryse*, 187 Ga. 51, 53 (1), supra. The previous action brought by the plaintiff against the defendant in Bleckley County was not void. It follows that the privilege of renewal under *Code* § 3-808 applies to toll the statute of limitation. The present action was seasonably brought.

■ The second issue urged by the plaintiff under his demurrer to the petition is whether the costs were paid in the first suit

before the second suit was filed as required under *Code* § 3-508. As a general rule this issue can be raised only by a plea in abatement. *Brinson v. Cramer,* 72 Ga. App. 63, 64 (33 SE2d 41) ; *Sparks Imp. Co. v. Jones,* 4 Ga. App. 61 (60 SE 810).

"While the costs must be paid as a condition precedent to the renewal of an action which has been dismissed, the question as to whether the costs have been paid cannot be raised by demurrer, unless it appears, from the statements of the petition itself, that they have not been paid. If the petition is silent upon this subject, the point that the costs have not been paid and that the plaintiff is therefore not entitled to proceed must be raised by plea in abatement." *Poplarville Sawmill Co. v. Driver & Co.,* 17 Ga. App. 674, 675 (2) (88 SE 36) ; *National Union Fire Ins. Co. v. Ozburn,* 57 Ga. App. 90 (194 SE 756).

In the present case the petition is silent upon this subject, and the point as to the payment of the costs in the prior action was not properly raised.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*