## 56564. KERAMIDAS v. DEPARTMENT OF HUMAN RESOURCES.

QUILLIAN, Presiding Judge.

This is an appeal from an order and final judgment dismissing an action in the Superior Court of DeKalb County seeking review of an administrative determination by the State Personnel Board regarding the termination of employment of the plaintiff-appellant.

Appellant, Dr. Charles Keramidas, had his employment terminated by his superiors at the Georgia Retardation Center in DeKalb County, Georgia. He appealed his dismissal administratively to the State Personnel Board. From an adverse decision by the board on December 14, 1976, he sought legal review in the Superior Court of Fulton County, Georgia, under provisions of "the Administrative Procedure Act, 3A Ga. Code Ann. § 101 *et seq....*" He filed his action on January 11, 1977 and voluntarily dismissed it on January 16, 1977 and filed a similar petition in the DeKalb Superior Court on the same date.

The second action filed in DeKalb County was brought under the provisions of Code Ann. § 40-2207.1 (h) and (i) (Ga. L. 1976, pp. 1547, 1550). This section requires an appeal be brought within 30 days "in the superior court of the county of the place of employment of the employee."

The appellee filed a motion to dismiss, alleging the time for filing an appeal had expired on January 13, 1978. The trial court granted the motion. Appellant brings this appeal. *Held:*

Appellant's complaint was filed in the Fulton County Superior Court within the requisite 30 days, but five days thereafter he voluntarily dismissed and refiled on the

same day in the Superior Court of DeKalb County. Was the second action timely filed? We find that it was and reverse.

Code Ann. § 3-808 (Code § 3-808, as amended through Ga. L. 1967, pp. 226, 244) provides that "[i]f a plaintiff shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case . . ." This is a remedial statute and is to be liberally construed, where the first suit is disposed of on grounds not affecting the merits of the case. *Mitchell County v. Dixon,* 20 Ga. App. 21, 26 (92 SE 405); *Guest v. Atlantic C. L. R. Co.,* 37 Ga. App. 102, 104 (139 SE 97); *Atlanta &c. R. Co. v. Wilson,* 119 Ga. 781 (2) (47 SE 366).

The voluntary dismissal in Fulton County was without prejudice (CPA § 41 (a); Code Ann. § 81A-141 (a); Ga. L. 1966, pp. 609, 653), and was not an adjudication on the merits (5 Moore's Federal Practice 41-75, ¶ 41.05 [2]). However, "[t]he privilege of dismissal and renewal under Code § 3-808 does not apply to void cases, but does apply to allow renewal where the previous action was merely voidable." *U. S. Cas. Co. v. American Oil Co.,* 104 Ga. App. 209 (1) (121 SE2d 328); *Cutliffe v. Pryse,* 187 Ga. 51 (1) (200 SE 124). The trial court held that the action filed in Fulton County was void and dismissed this action. We do not agree that the first suit was void.

1. We will address the issue of venue first. The Supreme Court held that one of the predecessors to the current Code Ann. § 3-808 — Civil Code § 3786 (Code of 1895), "in granting the right to renew within six months, forms an exception to the statute of limitations, and has no reference to the subject of venue. The new action may be brought 'in any county having jurisdiction thereof in this State.'" *Cox v. Strickland,* 120 Ga. 104 (4) (47 SE 912); Accord, *Thornhill v. Bullock,* 118 Ga. App. 186 (3) (162 SE2d 886). Furthermore, where "the plaintiff begins an action in a court of this State having jurisdiction of the subject-matter, and, after the bar of the statute has attached, the same is dismissed because of a ruling indicating that the court has no jurisdiction of the person, such action may be renewed within six months in another court of this State, having jurisdiction of the person and

the subject-matter." *Atlanta &c. R. Co. v. Wilson,* 119 Ga. 781 (5), supra; *Birmingham Fire Ins. Co. v. Commercial Transportation, Inc.,* 224 Ga. 203 (160 SE2d 898); *Southern R. Co. v. Pruitt,* 121 Ga. App. 530 (174 SE2d 249); see also *Cutliffe v. Pryse,* 187 Ga. 51, supra, and *Chance v. Planters &c. Cooperative, Inc.,* 219 Ga. 1, 4 (131 SE2d 541). Accordingly, lack of venue in Fulton County would not bar application of Code Ann. § 3-808 to this action if the Fulton County court had jurisdiction of the "subject-matter."

2. Our Supreme Court examined this issue in depth in *Zeagler v. Zeagler,* 192 Ga. 453, 456 (15 SE2d 478), holding: " 'What is the essential test of jurisdiction of the subject-matter? "In accordance with the general rule as to presumptions in favor of jurisdiction as against collateral attack, it is usually held that where a court has jurisdiction of cases ejusdem generis, its judgment in any case is not merely void . . . Jurisdiction of the subject-matter does not mean simply jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the class of cases to which that particular case belongs. As applied to the subject-matter of a suit, jurisdiction is always conferred by law, and it is incorrect to suppose that the power to decide in any case rests solely on the averments of a pleading, but on the contrary the jurisdiction of a court in no way depends on the sufficiency or insufficiency of the pleadings, and if the pleadings state a case belonging to a general class over which the authority of the courts extends, then jurisdiction attaches and the court has power to hear and determine the issues involved." ' " Accord, *Williams v. Kaylor,* 218 Ga. 576, 581 (129 SE2d 791).

The Supreme Court reexamined this issue in *Hopkins v. Hopkins,* 237 Ga. 845, 846 (229 SE2d 751) ruling that "[t]he phrase jurisdiction of the subject matter 'refers to subject matter alone,' i.e., 'conferring jurisdiction in specified kinds of cases.' *Starnes v. Mutual Loan &c. Co.,* 102 Ga. 597, 601 (29 SE 452) (1897). It 'is the power to deal with the general abstract question, to hear the particular facts in any case relating to this question . . .' " Then, the court cited with approval, the language stated above from *Zeagler.*

Applying this law to the facts of this case we find that although the first action was filed within the requisite 30 days, it was incorrectly filed under the authority of "the Administrative Procedure Act, 3A Ga. Code Ann. § 101 *et seq.* . . ." The provisions of Code Ann. § 3A-102 (a) (Ga. L. 1964, p. 338; as amended through 1975, pp. 404, 407) excepts ". . . the State Personnel Board (Merit System). . ." from this Act. See also *Dept. of Corrections v. Hemphill,* 134 Ga. App. 65, 66 (213 SE2d 169). Did the inclusion of the wrong Act deprive the Fulton County Superior Court of the "subject-matter" so as to render this action void? We find that it did not.

Stated in the abstract, as suggested by *Zeagler,* the first action was an appeal from an adverse determination by the State Personnel Board. Jurisdiction to hear that class of appeals is conferred by law (Code Ann. § 40-2207.1 (h)) on the superior courts of this state. The deficiency of the first pleadings, citing the Administrative Procedure Act, rather than Code Ann. § 40-2207.1, would not void the entire action because the "subject-matter" of the action belonged to the general class of cases in which jurisdiction was in the superior courts. *Zeagler v. Zeagler,* 192 Ga. 453, 456, supra.

As the Fulton County Superior Court had jurisdiction of the "subject-matter" of the suit, Code § 3-808 was applicable and would toll the running of the period of limitation. *Cutliffe v. Pryse,* 187 Ga. 51 (1), supra.

3. Inasmuch as the Fulton County Superior Court had jurisdiction of the general subject-matter of this appeal from the State Personnel Board under Code Ann. § 40-2207.1 (h), but lacked only venue, and the first action was filed within the requisite 30 days, and the purpose of Code § 3-808 is remedial and is to be given a broad interpretation, and the voluntary dismissal by plaintiff in Fulton County was not an adjudication on the merits, the plaintiff was authorized to refile his action in another county having venue — within the period of which the statute was tolled by Code § 3-808.

*Judgment reversed. Webb and McMurray, JJ., concur.*

SUBMITTED SEPTEMBER 7, 1978 — DECIDED OCTOBER 30, 1978.

*Mackay & Elliott, David L. G. King, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, L. Joseph Shaheen, Jr., Assistant Attorney General,* for appellee.