## 40676. STRICKLAND v. STRICKLAND.

ON MOTION FOR RECONSIDERATION.

HILL, Chief Justice.

The Stricklands were divorced in 1980. Their agreement, settling all issues relative to alimony and division of property, was incorporated into the decree. It provided, inter alia, that Dan Strickland would be solely and exclusively responsible for a debt to Ford Motor Credit Company (a mortgage on the wife's home, the proceeds of which were used in the husband's business), and that he would pay each monthly installment as it became due. The parties agreed further that the husband's obligation to pay this debt constituted lump sum alimony and was not terminable on the death or remarriage of the wife.

In March of 1983, Camille Strickland filed a citation for contempt alleging that her former husband had wilfully failed to pay the debt. He was found to be in wilful contempt and ordered incarcerated until further order or until he purged himself. Pursuant to OCGA § 5-6-35 (Code Ann. § 6-701.1) he filed an application for appeal to this court and the trial court stayed its contempt order. The application to appeal was granted and thereafter, following review of the record, the trial court's contempt order was affirmed without opinion.

He then filed a motion to stay enforcement of the contempt order in the trial court, alleging that pending appeal he had filed a

petition for bankruptcy and that he should not be jailed for failure to pay this debt until it was determined whether or not the debt was dischargeable. Ruling that the amount payable under the divorce decree was alimony and therefore was not dischargeable in bankruptcy, the trial court denied the motion to stay. Accordingly, Dan Strickland was ordered confined to the Muscogee County jail pursuant to the earlier order finding him in contempt. He filed an application for discharge from confinement which was denied. He then filed notice of appeal of the order denying the motion to stay, the commitment order and the order denying discharge from confinement, seeking a direct appeal to this court. The appeal was dismissed by order for failure to file an application for discretionary appeal as required by OCGA § 5-6-35 (Code Ann. § 6-701.1). After Strickland's motion for reconsideration and to reinstate appeal was denied, he filed an extraordinary motion to reinstate the appeal and to rescind the order of dismissal in this court in which he argues that the order dismissing his appeal should be reconsidered and rescinded because the appeal is not within the class of cases set out in OCGA § 5-6-35 (a)(2) (Code Ann. § 6-701.1).[1] We disagree.

OCGA § 5-6-35 (a)(2) (Code Ann. § 6-701.1) applies to "Appeals from judgments or orders granting or refusing a divorce or temporary or permanent alimony, awarding or refusing to change child custody, or holding or declining to hold persons in contempt of such alimony or child custody judgment or orders." As we held in *Citizens &c. Nat. Bank v. Rayle,* 246 Ga. 727, 730 (273 SE2d 139) (1980): "The clear intent of section (a)(2), above, was to give the appellate courts . . . the discretion not to entertain an appeal where the superior or juvenile court had made a decision as to divorce, alimony, child custody or contempt. . . ." Dan Strickland recognized the applicability of this section to the trial court's order finding him in contempt and filed an application to appeal. Yet he contends that it does not apply to an order overruling a motion to stay incarceration for contempt or an order overruling a motion for discharge from confinement for contempt. Such a rule would make a mockery of the statute in nonpayment of alimony contempt cases: the contemnor could render such contempt orders appealable directly simply by making a motion to stay or by going to jail and petitioning for discharge. Statutes are to be given a reasonable construction and are not to be avoidable by

---

[1] In addition, Strickland has supplemented his extraordinary motion to reinstate appeal, urging that notwithstanding the overruling of his motion to stay, he has pending and undisposed in the trial court a complaint for declaratory judgment that the debt is dischargeable in bankruptcy.

stratagems smacking more of form than substance.

We hold that when, by virtue of OCGA § 5-6-35 (Code Ann. § 6-701.1), the contempt order itself could not be appealed directly, neither the denial of a motion to stay incarceration for contempt nor the denial of a motion for discharge can be appealed directly. The procedure for taking such appeals, if allowable at all, is governed by OCGA § 5-6-35 (Code Ann. § 6-701.1). Strickland declined to follow the statute. Therefore we adhere to our order dismissing the appeal.

The clerk of this court is directed to transmit the remittitur to the trial court instanter so that the confinement order of that court may be reinstated.

*Motion denied, with direction. All the Justices concur.*

DECIDED FEBRUARY 28, 1984.

*Henson & Henson, Kenneth M. Henson,* for appellant.
*Robert L. Snipes,* for appellee.