68994. DAUGHERTY v. NORVILLE INDUSTRIES, INC.
68995. PADGETT v. NORVILLE INDUSTRIES, INC.
(329 SE2d 202)

McMURRAY, Presiding Judge.

The plaintiff in each of these companion cases filed an action against defendant for damages arising from a motor vehicle collision. The original complaints were voluntarily dismissed. Subsequently, the present actions were filed purportedly as renewals of the previous complaints pursuant to OCGA § 9-2-61.

In each case, defendant filed its answer and subsequently its motion to dismiss based on the respective plaintiffs' failure to pay the court costs of the actions previously dismissed prior to commencing the present actions as required by OCGA § 9-11-41 (d).

The respective plaintiffs, both of whom are represented by the same attorney, in each case responded with the affidavit of their attorney, each affidavit being uncontroverted, deposing that prior to filing the present actions he had "made inquiry of the Clerk's Office of the Superior Court of Whitfield County, Georgia as to the amount of costs due and was informed that no costs were due on the previous action." Each affidavit of plaintiffs' attorney further deposes that he then proceeded to file the present actions and that upon learning of the court costs due he had a check mailed for the amounts due.

Defendant's motions to dismiss were granted. Plaintiffs appeal. *Held*:

OCGA § 9-11-41 (d) provides that: "If a plaintiff who has dis-

missed an action in any court commences an action based upon or including the same claim against the same defendant, the plaintiff shall first pay the court costs of the action previously dismissed." Since *Little v. Walker*, 250 Ga. 854 (301 SE2d 639), this language has been clearly construed to mean that payment of the costs in the original action is a precondition to the filing of a new suit. See also *Tucker v. Mitchell*, 252 Ga. 545 (314 SE2d 896), and *Foster v. Bowen*, 253 Ga. 33 (315 SE2d 656).

The cardinal rule in statutory construction is to ascertain the intent of the legislature. *Allison v. Domain*, 158 Ga. App. 542, 544 (281 SE2d 299). Generally, if the legislative intent is plain and expressed unambiguously, no interpretation is required before the court executes its duty to enforce the statute. *Atlanta Cas. Co. v. Flewellen*, 164 Ga. App. 885, 887 (300 SE2d 166), revd. in part, 250 Ga. 709 (300 SE2d 673). Our Supreme Court applied this rule in *Little v. Walker*, 250 Ga. 854, 855, supra, Justice Clarke writing for the majority that their holding in that case is "required by the plain meaning of the words of the statute."

However, the facts of the cases sub judice reveal a latent ambiguity in the language of OCGA § 9-11-41 (d) which distinguish the cases sub judice from *Little v. Walker*, 250 Ga. 854, supra, and its precursor *Couch v. Wallace*, 249 Ga. 568 (292 SE2d 405). In each of the cases sub judice it is uncontroverted that plaintiffs' attorney made a good faith inquiry of the clerk's office of the trial court (wherein the original action had been filed and dismissed) and "was informed that no costs were due on the previous action." Unlike previous cases, where an attorney intentionally or unwarily failed to pay costs in the previous action, the plaintiffs' attorney in each of the cases sub judice was aware of the statutory requirement that costs be paid in the previous actions and attempted to ascertain plaintiffs' obligation in this regard by a means which an experienced practicing attorney would reasonably expect to produce accurate information. Having been informed by a reliable source (if not the only conceivable source of the information involved) that no costs were owed, plaintiffs' attorney proceeded to file the actions sub judice. When informed of the actual costs owed, these costs were immediately paid by plaintiffs' attorney in each case. Plaintiffs' attorney could have done no more under the particular facts and circumstances of the cases sub judice.

Our duty is to consider the results and consequences of any proposed construction and, based upon the particular facts and circumstances of the case, not so construe a statute as will produce unreasonable or absurd consequences not contemplated by the legislature. *State v. Mulkey*, 252 Ga. 201, 204 (312 SE2d 601). Statutes are to be given a reasonable construction. *Strickland v. Strickland*, 252 Ga. 218, 219 (312 SE2d 606); *City of Jesup v. Bennett*, 226 Ga. 606, 609

(176 SE2d 81).

We decline to attribute to the legislature any intent, under the particular facts and circumstances of the cases sub judice, to foreclose plaintiffs from pursuing their respective claims. *Board of Trustees, Policemen's Pension Fund v. Christy*, 246 Ga. 553, 554 (1) (272 SE2d 288). Such a result would be unconscionable and a provision to avoid such a result should be implied to exist within the statute so as to insure against a failure of justice. In our view, the costs which must be paid pursuant to OCGA § 9-11-41 (d), as a precondition to the filing of a new suit, do not include costs *unknown* to plaintiff *after a good faith inquiry.* Of course, any unpaid costs in a previous action which are unknown after a good faith inquiry but discovered after the filing of a new action must be paid within a reasonable time in order to preserve jurisdiction.

*Judgments reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 5, 1985 —
REHEARING DENIED MARCH 22, 1985 — 

*Bobby Lee Cook*, for appellants.
*Steven J. Kyle, Vincent M. D'Assaro*, for appellee.