### 70959. HILEY v. McGOOGAN et al.
(341 SE2d 461)

Pope, Judge.

Plaintiff Ethel Hiley, administratrix of the estate of Bennie Hiley, pursuant to OCGA § 9-2-61 brought this renewal of a medical malpractice action against defendants M. T. McGoogan and the Hospital Authority of Ware County. The trial court granted defendants' motions for summary judgment based upon plaintiff's asserted failure to pay all accrued costs prior to the filing of this renewal (see OCGA § 9-11-41 (d)), thus failing to toll the applicable statute of limitation. Plaintiff appeals.

The record shows that this action was originally brought in Ware Superior Court within the two-year statute of limitation provided by OCGA § 9-3-71 (a). The case was voluntarily dismissed without prejudice on July 18, 1984 but was renewed on October 5, 1984. In support of their summary judgment motions, defendants presented the affidavit of the Clerk of Ware Superior Court to the effect that costs of $35 were due as of the date of dismissal and that those costs had not been paid. Plaintiff countered with an affidavit also of the clerk who stated that "when a case is dismissed in the Superior Court the dismissal is *filed* and it is then ascertained if costs are owed in the case. In the event costs are owed, a bill is prepared and sent to the responsible person and the file, with a copy of the bill, is placed in a 'pending file' until such time as the costs are paid. At such time as the costs are paid the file is placed in a 'disposed file' and recorded upon the minutes of the Superior Court. Cases are not placed upon the minutes of the Superior Court if any costs are due. In the event the file remains in the pending file and the costs are not paid, the case is redocketed on the court calendar for announcement and payment of costs." The clerk averred that within 30 days of the subject voluntary dismissal, the case was placed upon the minutes of the court, thus concluding the case and showing that no costs were due. Further, the case was not returned to the calendar for announcement nor was any bill of costs sent to any person in the case. The clerk also stated that subsequent to the renewal of this action, counsel for defendant Hospital Authority came to her office and requested that she pull the origi-

nally filed action and ascertain whether or not any costs were due on the case. The deputy clerk was instructed to pull the case from the disposed files and run a cost check on the case. This procedure resulted in the discovery of a balance due for costs of $35. The clerk closed by noting that the "disposed file" of this case would not have been pulled except at the instance of counsel for the Hospital Authority. The affidavit of the deputy clerk substantially corresponds to that of the clerk. She also averred that from her records and files at the time the case was filed in the "disposed files" and placed upon the minutes of the court, there were no costs due. Further, there never has been and presently is not a delinquent bill of costs in the originally filed case.

Counsel for plaintiff, a member of the Waycross Bar since April 1955, also filed an affidavit detailing his actions in regard to the dismissal and subsequent renewal of the subject action. He stated that prior to filing the renewal he examined the records of the clerk of court to "double check" the date of the dismissal. The records indicated that the case had indeed been dismissed and spread upon the minutes of the court. He further stated: "At the time of the filing of the present action, affiant had received no cost bill from the Clerk's Office and pursuant to my investigation of the records, there appeared to be no costs due. . . . Affiant further states that I examined the Execution Dockets of the Clerk's Office of the Superior Court and have found no execution issued against the plaintiff in the main case or myself for any costs due. I have not received a bill for any costs nor has the Clerk's Office issued any execution against me for court costs in [the previously dismissed case]. Affiant further states that I am familiar with the procedures of the Clerk's Office in connection with costs and am aware that a case is not dismissed and spread upon the minutes of the Superior Court until all costs have been paid. I am aware that in the event costs are due, the case is placed in a 'pending file' and not a 'dead' or 'disposed file.' My examination of the records prior to the filing of this complaint showed that no costs were due and payable."

"OCGA § 9-11-41 (d) provides that: 'If a plaintiff who has dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the plaintiff shall first pay the court costs of the action previously dismissed.' Since *Little v. Walker*, 250 Ga. 854 (301 SE2d 639) [(1983)], this language has been clearly construed to mean that payment of the costs in the original action is a precondition to the filing of a new suit. [Cits.]" *Daugherty v. Norville Indus.*, 174 Ga. App. 89 (329 SE2d 202) (1985). However, in *Daugherty* the plaintiff's attorney inquired of the clerk of court as to the amount of costs due upon voluntary dismissal of the original actions and was informed that no costs were

due. Upon being later informed that costs were owed, plaintiffs' attorney immediately paid same. In light of these circumstances, the court held: "We decline to attribute to the legislature any intent, under the particular facts and circumstances of the cases sub judice, to foreclose plaintiffs from pursuing their respective claims. [Cit.] Such a result would be unconscionable and a provision to avoid such a result should be implied to exist within the statute so as to insure against a failure of justice. In our view, the costs which must be paid pursuant to OCGA § 9-11-41 (d), as a precondition to the filing of a new suit, do not include costs *unknown* to plaintiff *after a good faith inquiry.* Of course, any unpaid costs in a previous action which are unknown after a good faith inquiry but discovered after the filing of a new action must be paid within a reasonable time in order to preserve jurisdiction." Id. at 91. See also *Keramidas v. Dept. of Human Resources,* 147 Ga. App. 820, 821 (250 SE2d 560) (1978), and *U. S. Cas. Co. v. American Oil Co.,* 104 Ga. App. 209, 211 (121 SE2d 328) (1961), wherein the court noted that Code Ann. § 3-808 (now OCGA § 9-2-61), being remedial in nature, is to be liberally construed so as to preserve the right to renew the cause of action set out in the previous suit where the first suit has been disposed of on grounds not affecting the merits of the case.

Defendants argue that because counsel for plaintiff failed to make specific inquiry of the clerk herself as to costs in the previous suit, the holding in *Daugherty* is not applicable to the case at bar. We decline to apply the holding in *Daugherty* so narrowly. Rather, we agree with plaintiff's counsel's assertion in his affidavit that, under the circumstances in this case, he was entitled to rely upon the records of the clerk's office. "Unlike previous cases, where an attorney intentionally or unwarily failed to pay costs in the previous action, the plaintiff['s] attorney in [the case at bar] was aware of the statutory requirement that costs be paid in the previous [action] and attempted to ascertain plaintiff['s] obligation in this regard by a means which an experienced practicing attorney would reasonably expect to produce accurate information. Having been informed by a reliable source [in this case, the records of the clerk of the appropriate court] that no costs were owed, plaintiff['s] attorney proceeded to file the [action] sub judice. When informed of the actual costs owed, these costs were immediately paid by plaintiff['s] attorney. . . ."[1] *Daugherty v. Norville Indus.,* supra at 90. Under the particular circumstances in the case at bar, we conclude that plaintiff's counsel was not

---

[1] For our purpose here, we accept as true plaintiff's counsel's unchallenged assertion in his brief on appeal that the $35 in costs was paid immediately upon his discovery (upon receipt of defendants' motions for summary judgment) that same was due. See Court of Appeals Rule 15 (b) (1).

required to inquire further as to costs prior to the filing of the instant renewal action. It follows that the trial court erred in granting defendants' motions for summary judgment.

*Judgment reversed. Banke, C. J., McMurray, P. J., Carley, Benham, and Beasley, JJ., concur. Deen, P. J., Birdsong, P. J., and Sognier, J., dissent.*

DEEN, Presiding Judge, dissenting.

The Supreme Court in *Wright v. Jett*, 120 Ga. 995, 1001 (48 SE 345) (1904), has made clear that the payment of costs before renewing an action is in the nature of a penalty. A case dismissed may not be renewed "without first making payment of the costs. . . ." The exceptions to this general rule reflected in *Whitsett v. Hester-Bowman Enterprises*, 94 Ga. App. 78 (93 SE2d 788) (1956), and *Daugherty v. Norville Indus.*, 174 Ga. App. 89 (329 SE2d 202) (1985), are both limited seemingly to a good faith personal inquiry and contacting of the clerk of the court, the latter cited case stating that "having been informed by a reliable source" was referring to the clerk of the court. Since the costs had not been paid at the time of filing the renewed action, we have no alternative but to affirm the trial court's grant of summary judgment.

There seems to be a greater burden on plaintiff regarding payment of costs or penalty in this type of situation than in any normal payment of costs. This is emphasized in *Wright*, at 1001: "The evident intent of our statute is to prevent the harassing renewal of a suit which the plaintiff has, after calling upon the defendant to appear in court and defend it, elected to dismiss for some reason, good or otherwise. And the condition imposed upon him as to the payment of costs, before renewing this action, is in the *nature of a penalty* for not being ready and willing to press his original suit to a hearing on its merits. The expense incurred in bringing the dismissed action is thus thrown upon the plaintiff, and the costs thereof can not be recovered by him from the defendant, even though the former may, upon a final determination of his second suit, prevail in the cause. In other words, a plaintiff may arbitrarily and over the protest of the defendant dismiss a suit, his reasons for dismissing it can not be inquired into by the court; but he must in any event *pay for this privilege*, and can not, without *first* making *payment of the costs* of that suit, exercise his conditional statutory right to renew it." (Emphasis supplied.)

I must respectfully dissent. I am authorized to state that Presiding Judge Birdsong and Judge Sognier join in this dissent.

DECIDED JANUARY 28, 1986 —
REHEARINGS DENIED FEBRUARY 14, 1986 — 

C. Edwin Rozier, Rudolph J. Chambless, for appellant.
Terry A. Dillard, J. Baker McGee III, W. Grady Pedrick, for appellees.