## 77167. AYCOCK v. HUGHES.
(377 SE2d 689)

BENHAM, Judge.

This is an appeal, pursuant to our grant of appellant's application, from an order denying a motion to set aside a default judgment which resulted from the striking of appellant's answer when he and his counsel failed to appear for trial. The motion was based on appellant's contention that their absence at the call of the case for trial was in justified reliance on an assurance given to counsel by the court administrator that the case would not be called.

At the hearing on appellant's motion to set aside, appellant's counsel stated in his place that the court administrator told him that he did not need to be at the calendar call because there were two cases before his which would take up all the time allotted for trials that week. The court administrator stated in her place that she had told appellant's counsel that he would not need to be present if the two cases went to trial. She stated that her advice was expressly conditioned on the first two cases going to trial, and that she did not tell counsel it was not necessary to appear. It was undisputed that the first two cases did not go to trial.

1. In his first enumeration of error, appellant contends that the trial court erred in refusing to set aside the judgment on the ground of mistake or accident under OCGA § 9-11-60 (d) (2). That statutory provision, however, requires that the accident or mistake be "unmixed with the negligence or fault of the movant . . ." Here, the trial court specifically found that the failure of appellant or appellant's counsel to appear at the call of this case for trial was due "solely to the negligence of defendant and defendant's legal counsel, unmixed with any acts of the court, the Court Administrator, plaintiff's legal counsel, or any other person or entity. . . ." That finding was supported by the record, and the refusal to set aside the judgment on that ground was not error. *Archer v. Monroe*, 165 Ga. App. 724 (1) (302 SE2d 583) (1983).

Cases cited by appellant, such as *Kroger Co. v. Michaels*, 183 Ga. App. 626 (359 SE2d 698) (1987); *Hiley v. McGoogan*, 177 Ga. App. 809 (341 SE2d 461) (1986); and *Daugherty v. Norville Indus.*, 174 Ga. App. 89 (329 SE2d 202) (1985), are inapposite because the decision in each of those cases turns on a holding to the same effect as the holding in *Daugherty* that appellant's "attorney could have done no more under the particular facts and circumstances of the [case]." Id. at 90. Given the trial court's finding, that cannot be said in this case.

2. Appellant's second enumeration of error, that the trial court failed to exercise its inherent discretion to set a judgment aside during the same term in which it was rendered, is based on a statement made by the trial court at the hearing on the motion to set aside: "I

don't see any real ability that I've got to go back in and upset what's already been done." Viewing that statement in context, we agree with appellee's assessment that the trial court was being tactful in stating that it would not grant appellant relief because any fault or responsibility lay with appellant's attorney. It is abundantly clear from the transcript of the hearing and from the trial court's order that the trial court had resolved the factual conflict in favor of the court administrator and had concluded that appellant's counsel was not justified in failing to appear or to ascertain on the day of trial whether the cases before his had been removed from the calendar. Such a ruling is within the trial court's discretion (*Murer v. Howard*, 165 Ga. App. 230 (299 SE2d 151) (1983)), and we do not agree with appellant that the trial court failed to recognize its discretion or that it abused the discretion it exercised.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 3, 1989 —
REHEARING DENIED JANUARY 19, 1989 — ▮▮▮▮▮▮▮▮

*Webb, Carlock, Copeland, Semler & Stair, Thomas S. Carlock, Wade K. Copeland, Neal C. Scott,* for appellant.
*James & Carey, John D. Carey,* for appellee.