A91A1843. JEFF DAVIS HOSPITAL AUTHORITY v. ALTMAN.
(416 SE2d 763)

BEASLEY, Judge.

Pursuant to OCGA § 9-2-61 (a), Altman brought the instant renewal action against Jeff Davis Hospital Authority. Relying on OCGA § 9-11-1 (d), defendant filed a motion to dismiss because plaintiff had not paid all court costs of the dismissed action before refiling. The trial court denied defendant's motion but certified its order for immediate review. Appeal was permitted under OCGA § 5-6-34 (b).

OCGA § 9-11-41 (d), which governs dismissal of actions and recommencement within six months, requires court costs to be paid in the first suit before an action is recommenced. This is "a condition precedent to filing a second suit," so that "payment of costs in a previous suit is jurisdictional" with respect to a subsequent suit. *Little v. Walker*, 250 Ga. 854, 855 (301 SE2d 639) (1983). Without the prior payment of the first suit's costs, "the second suit is not a valid pending action." *Couch v. Wallace*, 249 Ga. 568, 569 (292 SE2d 405) (1982). It was not always so. *McLanahan v. Keith*, 239 Ga. 94 (236 SE2d 52) (1977).

This monetary requirement precludes for all time a decision on the merits of the plaintiff's claim in the courts of this state, if the statute of limitation runs in the meantime. That would be the case

here. To guard against "a failure of justice," the court has construed legislative intent to have implied an exception for instances when "costs *unknown* to plaintiff *after a good faith inquiry*" remain unpaid. (Emphasis in original.) *Daugherty v. Norville Indus.*, 174 Ga. App. 89, 91 (329 SE2d 202) (1985). It is up to the trial judge, when the validity of the suit before the court is in jeopardy on this point, to determine two facts: whether the costs were unknown and whether plaintiff made a good faith inquiry.

Here the court "considered the full record and all submissions and arguments of counsel" and denied the motion to dismiss the suit. It must have found that the costs were unknown to plaintiff, in this case her attorney, before the second suit was filed. It also must have found good faith on the part of plaintiff's attorney. We must assume that the court fulfilled its factfinding function in the absence of an order which makes it explicit. " '(T)his court will not presume the trial court committed error where that fact does not affirmatively appear.' [Cits.]" *Green v. Sun Trust Banks*, 197 Ga. App. 804, 807 (3) (b) (399 SE2d 712) (1990).

We do not have the full record in the case, although it is appellant's obligation to provide whatever is necessary for our understanding of it. *Salvador v. Coppinger*, 198 Ga. App. 386 (1) (401 SE2d 590) (1991). It is undisputed that the costs were not known to counsel before he field the renewed action. The record also demonstrates that he made an effort to ascertain whether there were any, and to pay them.

The suit is one for the allegedly wrongful death of a minor's baby. It had been pending about three years when it was dismissed for failure of plaintiff or her counsel to appear at the pretrial hearing. The day before the scheduled hearing, counsel was unexpectedly hospitalized and claims that the court was notified. He was not released until three days later, at which time he was able to return to work only part time before resuming his practice full time several weeks later.

His illness necessitated extra reliance on his staff, and when he learned of the dismissal he prepared to recommence the action and had his secretary call the clerk to inquire if the case had in fact been dismissed and if any costs were due. She did so and was told that, in her words, "if any costs were due a bill would be sent." Seventy-nine dollars had already been paid. Based on the information from the clerk's office, she "logged the file appropriately." There is no evidence that a bill was in fact sent, although the dismissal order was received.

About five months after dismissal, counsel refiled the suit. He did not make further inquiry regarding costs beforehand "because . . . inquiry had been made earlier and because no bill of costs had been received," and also because he understood that it was not even the

general practice in the area except this circuit to bill any costs after the initial fees are paid. As soon as he learned by way of the motion to dismiss that there were unpaid costs, he confirmed this with the clerk of court and sent the additional $108 the same day. The motion was filed by defendant about seven months after plaintiff had recommenced the suit.

Counsel asserted in his brief before the trial court that plaintiff had "spent in excess of $5,000.00 in pursuing this case, most of the money for expert witnesses and depositions." If true, this indicated to the trial court that plaintiff was serious about her action.

The circumstances in this case are not so far different from those in *Daugherty*, supra, and *Hiley v. McGoogan*, 177 Ga. App. 809 (341 SE2d 461) (1986), that we can conclude as a matter of law that the court erred in finding good faith, in particular, that counsel for plaintiff made a reasonable inquiry under the circumstances. We must give great deference to this, if for no other reason than that the court knew the case's history, knew the local practices and knew what led up to the point at which it was required to make a decision.

The Civil Practice Act provides that it "shall be construed to secure the just, speedy, and inexpensive determination of every action." OCGA § 9-11-1. The Supreme Court has said that "[t]o this end the act should be liberally construed and applied." *Ambler v. Archer*, 230 Ga. 281, 286 (196 SE2d 858) (1973). The trial court's ruling did not disserve the purposes of the precondition in OCGA § 9-11-41 (d) by finding that plaintiff exhibited good faith. In denying defendant's OCGA § 9-11-12 (h) (3) motion, it did not err in concluding that plaintiff came within the narrow exception so that the court did not lack jurisdiction of plaintiff's lawsuit.

*Judgment affirmed. Carley, P. J., and Judge Arnold Shulman concur.*

DECIDED FEBRUARY 19, 1992 —
RECONSIDERATION DENIED MARCH 4, 1992 —

Fendig, McLemore, Taylor & Whitworth, Philip R. Taylor, Lamar A. Elder, Jr., for appellant.
D. Duston Tapley, Jr., for appellee.